## UNITED STATES FIDELITY & GUARANTY CO. v. PERKINS. (No. 1444.)*

Court of Civil Appeals of Texas. Beaumont. March 26, 1927.

Rehearing Denied March 30, 1927.

1. **Admiralty** �köö20—**Employé, injured while loading vessel in navigable river with lumber for exportation cannot recover under state Employers' Liability Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).**

Employé, injured while loading vessel with lumber for exportation in Sabine river, which is a navigable stream, by being struck by timber being lowered into hold, was injured in performance of maritime contract, and cannot recover under state Employers' Liability Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

2. **Appearance** �köö18—**Courts** �köö24, 37(3)—**Compensation insurer could challenge jurisdiction of state court because employment contract was maritime, though it appeared, filed pleading, and consented to court's jurisdiction.**

Compensation insurer *held* not estopped to challenge jurisdiction of state court in workmen's compensation case on ground that employé was performing maritime contract, though it appeared, filed pleadings, and consented to court's jurisdiction, since jurisdiction of subject-matter cannot be conferred by consent, appearance, or pleading, and cannot be based on estoppel.

3. **Courts** ⊖⊃37(2)—**Where subject-matter of compensation case was maritime, objection for want of state court's jurisdiction could be raised at any time.**

Where subject-matter of employé's action for injuries was maritime, admiralty courts have exclusive jurisdiction, judgment by state court was void, and objection for want of state court's jurisdiction could be raised at any state of proceedings, even for first time on appeal.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Suit by the United States Fidelity & Guaranty Company against E. D. Perkins to set aside an award of the Industrial Accident Board, in which defendant filed a cross-bill. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Hunt & Teagle, of Houston, for appellant.
Stephenson & Dies, of Orange, for appellee.

O'QUINN, J. Appellant brought this suit in the district court of Orange county, Tex., to set aside an award made by the Industrial

Accident Board of this state in favor of appellee, upon a claim filed before said board by appellee for compensation under the Employers' Liability Act of this state (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

Appellee answered and filed his cross-bill, setting up the usual allegations necessary to recover under the Workman's Compensation Act.

Appellant replied by supplemental petition, excepting to the jurisdiction of the court on the ground that the injuries were maritime in their nature and cognizable only by the United States courts, that the Texas workmen's compensation statutes had no application, and therefore the court was without jurisdiction of the subject-matter.

To this plea appellee replied that appellant was estopped to challenge the court's jurisdiction, because it had invoked the jurisdiction of the court to set aside a final award of the Industrial Accident Board of the state of Texas, and that, after filing the suit in the district court, it had appeared from time to time and filed additional pleadings, had agreed to a setting of the case for trial, and had entered into an agreement with appellee "that the amount involved in said award is sufficient to give the district court of Orange county, Tex., jurisdiction of this action, and both parties are now properly before this court for adjudication of all matters and things involved herein," which agreement was filed in court, and further because, after appellee had received his injuries, appellant had acknowledged its liability and paid compensation, and had never asserted that the Industrial Accident Board did not have jurisdiction to determine the rights of the parties, in no wise excepting to said board's jurisdiction when the matter was pending before said board, although appellant was at all times in possession of all the facts relating to the injuries and the nature of the work engaged in by appellee at the time of the injury, and denied that the action was one exclusively within the jurisdiction of the admiralty courts.

The case was tried to a jury upon special issues, which they answered in favor of appellee, and judgment was rendered in his favor for $1,886.66, less the sum of $760, which had theretofore been paid him by appellant, and further judgment for the sum of $20 per week for the remainder of the term of 401 weeks, from which judgment this appeal is taken.

[1] The facts are: Perkins was employed by Pickett Jones in the loading of a vessel in the Sabine river at Orange, Tex. While engaged in such work in the hold of the vessel, he was struck by a timber that was being lowered into the hold of the vessel, and sustained the injuries complained of. The vessel was what is known as a British tramp steamer, and was being loaded with lumber for exportation. The Sabine river is a navigable stream, connecting with the Gulf of Mexico through Sabine Pass. Pickett Jones carried compensation insurance with appellant for the protection of his employés. Appellant had a permit to do business in Texas.

At the close of the evidence appellant requested the court to instruct the jury to return a verdict in its favor, which was refused, and appellant's first, fifth, and sixth propositions assert this as error.

The refusal of the instruction was error. The undisputed facts showed that appellee, at the time he received his injuries, was engaged in the performance of a contract which was maritime in its nature, and hence the rights and liabilities of the parties were clearly matters within the admiralty jurisdiction; wherefore the Employers' Liability Act of this state has no application to the claim asserted by appellee here. Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145; State v. Dawson, 264 U. S. 219, 44 S. Ct. 302, 68 L. Ed. 646; Bell v. Southern Casualty Co. (Tex. Civ. App.) 267 S. W. 531; Southern Casualty Co. v. Henry (Tex. Civ. App.) 276 S. W. 336.

[2] But appellee insists that, as appellant did not raise the question of jurisdiction, nor in any manner challenge the Industrial Accident Board's jurisdiction to determine the matter when same was pending before it, but after said board had made its final award pursued the state statutory mode for avoiding said award by invoking the jurisdiction of the district court of Orange county, Tex., in seeking to set said award aside, and appearing in said court from time to time, filing pleadings therein, agreeing to a setting of the case for trial and filing in said court an agreement "that the amount involved in said award was sufficient to give the district court of Orange county, Tex., jurisdiction of this action, and both parties are now properly before this court for adjudication of all matters and things involved herein," appellant had waived its objection to the jurisdiction of the court, and was estopped from challenging the jurisdiction of said court to try the case and enter judgment therein.

[3] This contention cannot be sustained. It is a well-settled rule of law that parties cannot by consent give a court, as such, jurisdiction in a matter of which it otherwise has no jurisdiction. Jurisdiction of the persons of parties to a suit may be conferred upon courts by consent, but jurisdiction of the subject-matter cannot be thus conferred. 7 R. C. L. p. 1039, § 70; 15 C. J. pp. 802–808, §§ 101–104. Nor can jurisdiction of the subject-matter be conferred by appearing and answering to the merits of the controversy.

15 C. J. p. 806, § 101. Nor can same be based upon estoppel. 15 C. J. p. 809, § 105. The subject-matter involved here being maritime, the admiralty courts had exclusive jurisdiction to determine the rights of the parties, and the judgment rendered by the district court was absolutely void, and objection for want of jurisdiction could be raised at any state of the proceedings, even for the first time on appeal. 7 R. C. L. pp. 1042, 1043, § 75.

From what we have said, it follows that the judgment must be reversed and here rendered for appellant, and it is accordingly so ordered.

Reversed and rendered.