**OCEAN ACCIDENT & GUARANTEE COR-PORATION, Limited, v. McCALL et al.**

**No. 1854.**

Court of Civil Appeals of Texas. Beaumont.
Feb. 20, 1930.

Rehearing Denied Feb. 26, 1930.

Baker, Botts, Parker & Garwood, of Houston, for appellant.

Howth, Adams & Hart, John D. McCall, all of Beaumont, for appellees.

WALKER, J.

This suit was filed in the district court of Jefferson county as an appeal from a final award of the Industrial Accident Board awarding appellee McCall an operation and compensation for 401 weeks for total permanent incapacity. Appellee, by the usual cross-action, plead a permanent total incapacity, and prayed for a lump sum settlement. He also plead the facts of the operation, and prayed for recovery for the necessary expense of the operation. The jury found in appellee's favor all issues submitted to it, and judgment was accordingly entered for

compensation at $20 per week for 401 weeks, less 26 weeks that appellant had previously paid, which was reduced to a lump sum, and for the additional sum of $515.50 as the expense of the operation.

██ There is no merit in appellant's contention that the trial court was without jurisdiction to hear and determine its appeal. The case was tried on the following written agreement:

"That on or about December 8, 1927, N. O. Addison was a subscriber under the Workmen's Compensation Act and carried a policy of insurance with The Ocean Accident & Guarantee Corporation Ltd., containing the provisions and conditioned as required by said Act.

"That A. McCall gave notice of an alleged injury to, and filed a claim for compensation against The Ocean Accident & Guarantee Corporation Ltd., within the time required by law.

"That the Industrial Accident Board rendered a final award in said claim on May 31, 1928. Notice of appeal was filed with the Industrial Accident Board, and suit was filed in the District Court of Jefferson County, Texas, by The Ocean Accident & Guarantee Corporation Ltd., within the time required by law."

Appellant would destroy the effect of this agreement by saying that the parties to an appeal from an award of the Industrial Accident Board cannot confer jurisdiction by agreement, citing United States Fidelity & Guaranty Co. v. Perkins (Tex. Civ. App.) 293 S. W. 675 and Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. The soundness of these decisions and appellant's proposition cannot be controverted, but, as said by the Commission of Appeals in Texas Employers' Insurance Ass'n v. Wright, 4 S.W.(2d) 31, 32:

"While it is true that jurisdiction cannot be conferred by agreement of the parties, it is nevertheless equally true that where jurisdiction is dependent upon facts pleaded the parties may stipulate that such facts exist and thereby show jurisdiction. The evident purpose of the agreement quoted was to show jurisdiction in the district court over the case then pending before it. The stipulation is a sufficient predicate as an allegation of jurisdiction, and necessarily dispenses with the proof of the facts upon which jurisdiction rested if such proof should be held to be essential. We think the agreement is conclusive upon all issue of facts necessary to confer full jurisdiction upon the district court. It includes not only the ground of due appeal within statutory time, but every other ground or fact necessary to confer jurisdiction upon the district court."

Appellant in no way controverted its written agreement. We think, under the holding of the Commission of Appeals just quoted, it is bound thereby. But, if we were to go into the facts involved in appellant's proposition, no error was shown. As we understand its construction of the testimony, its propositions that the court was without jurisdiction relate purely to procedural matters, such as defective service of notice of the filing of the claim, informality in its appearance before the board, and other matters purely personal to it, and which can be waived. The essential jurisdictional matters were involved in the written agreement, and the testimony offered by appellant in no way controverted these jurisdictional facts. That is to say, appellant did not seek to controvert that appellee's employer was a subscriber under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309, as amended) and carried his compensation insurance with appellant; that McCall was injured in the course of his employment and gave due notice of his injury and duly filed his claim for compensation, and that the Industrial Accident Board in fact rendered a final award on the 31st day of May, 1928.

██ The court did not err in overruling appellant's motions for a nonsuit filed just before announcing ready for trial and at the close of the testimony. It is the argument of appellant that it had the right to take a nonsuit before announcing ready for trial, and that the effect of the nonsuit would have been to dismiss its appeal, thereby depriving the district court of jurisdiction to hear and determine appellee's cross-action. This argument is not sound. By giving notice of its dissatisfaction with the award, and duly filing its appeal in the district court, appellant took from the board jurisdiction to further entertain appellee's claim, and, as long as its suit was pending in district court, the board had no jurisdiction over the claim for any purpose. While appellant's suit was pending, and before it filed its motion for nonsuit, appellee filed his cross-action, pleading affirmatively the facts of his injury, and praying for compensation as and for permanent total incapacity, and for the costs of his operation. With the suit in this attitude, the district court had jurisdiction to determine appellee's claim for compensation. Appellant could not defeat that right by taking a nonsuit. Appellant suffered no affirmative injury by the ruling of the court on its motions. It was in court nominally as plaintiff, but in substance as defendant, to answer appellee's cross-action. The dismissal of its appeal could not have limited in any way the affirmative rights asserted by appellee.

██ Appellant's proposition is sound that the award of the Industrial Accident Board and the proceedings had before the board and the reasons why the members of the board made the award are not material inquiries upon the trial in district court. Texas Employers' Insurance Ass'n v. Downing (Tex.

Civ. App.) 218 S. W. 112; Texas Employers' Insurance Ass'n v. Pierce (Tex. Civ. App.) 230 S. W. 872; Texas Employers' Insurance Ass'n v. Nunamaker (Tex. Civ. App.) 267 S. W. 749. These cases, and all similar cases, were correctly decided. The trial in the district court is de novo, to be determined by the testimony there received. The terms of the order made by the Industrial Accident Board, the evidence heard by it, etc., are immaterial and, where the facts are controverted, prejudicial upon the trial de novo. But in this case, in receiving testimony of the nature discussed, no error was committed, for appellant was not injured thereby. It appeared conclusively and beyond controversy, that is to say, as a matter of law, that appellee was injured in the course of his employment, and that he suffered a total permanent incapacity. On the issue of his right to compensation generally, the testimony complained of related only to the extent of his injuries.

The effect of this testimony upon appellee's right to recover for the expense of the operation will be subsequently discussed.

■ On the issue of appellee's right to recover compensation under the general provisions of the statute, appellant also insists that the court erred in its charge in defining proximate cause and in refusing to submit the issue of partial disability and the issue that appellee was suffering from a malady not related to his injury. These assignments do not constitute error. As just stated, it appeared, as a matter of law, that appellee was totally permanently incapacitated to perform labor, and further that his incapacity proximately resulted from his injury. There was no issue of partial disability, nor was there any issue that appellee was suffering from a malady not related to his injury.

■■ The court did not submit to the jury appellant's right to a lump sum settlement, nor was that issue requested. The right to a lump sum settlement is an independent issue, not related to the issue of compensation. It is the rule that an independent issue not related to nor involved in the issues submitted to the jury is waived when not requested. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. This proposition has been directly applied to the issue of lump sum settlement by the Commission of Appeals in Texas Employers' Insurance Ass'n v. Wright, supra, and by the Texarkana Court of Civil Appeals in Maryland Casualty Co. v. Long, 9 S.W.(2d) 458, 459. But these cases do not control appellant's proposition as it relates to the facts of this case. Here the facts entitling appellee to a lump sum settlement appeared without controversy. He was a sick man, totally permanently incapacitated, not able to do any physical labor, and not qualified to do any other kind of work; without any financial resources whatever, living in a house furnished him rent free by a brother-in-law, and with no means of support except the small wages that his wife and three little children could earn from time to time. The right to a lump sum settlement is a fact issue, to be determined by the jury or court trying the case as any other fact issue. Where reasonable minds cannot differ as to the fact, then it should be determined by the court as a question of law. In this case there was nothing for the court to submit to the jury on the issue of lump sum settlement. Had the issue been submitted, appellee would have been entitled to an affirmative instruction to the jury to answer it "yes." Being a question of law for the court and not one of fact for the jury, the failure to submit it to the jury did not constitute a waiver, but the court properly withheld it from the jury, and decided it as a question of law, upon the motion to render judgment.

Appellant insists that no final award was made by the board on appellee's written request for an operation, thereby challenging the jurisdiction of the district court to hear and determine appellee's right to recover the expenses. The written agreement upon which the case was tried included, not only the ground of due appeal in statutory time, but every other ground of fact necessary to confer jurisdiction upon the district court. The effect of this agreement was to dispense with proof of the facts upon which jurisdiction rested. Texas Employers' Insurance Ass'n v. Wright, supra. Since appellant made no attack upon this agreement, it was conclusive upon all issues within its terms, and the evidence, even if in conflict with the agreement, was improperly received, but, being in the record, was without probative force.

Appellant has assigned error against the admission of the testimony of members of the Industrial Accident Board and a copy of its award on the issue of appellee's right to recover the expenses of the operation. The general rule is that the award and the testimony upon which it was based and the reasons of the board for granting the award are immaterial, and that their introduction constitutes reversible error. Appellee insists that this rule cannot be invoked against the admission of this testimony upon an appeal from an order granting an operation. We do not determine the merits of appellee's counter-proposition, for all the testimony received on this issue was only corroborative of the other testimony offered by appellee, which showed, as a matter of law, the need, and, in fact, the absolute necessity for the operation. The general rule excludes this testimony on the ground that its reception would be prejudicial to the insurance company or to the party appealing. Where no injury is shown, the reason for the rule ceases. In this case there was no error committed in receiving the testimony thus complained of.

The facts upon this issue are as follows: The award was made May 31st, and by its terms required appellee to submit to the operation not earlier than July 10 and not later than August 10, 1928, "unless by agreement between the interested parties operation is undergone at an earlier date." Both parties were furnished with copies of the order. Appellant's attorney was present at the hearing had on the 23d of May when the facts developed showed the need of an operation as the only probable means of saving appellee's life. The attorney agreed to report the facts to appellant. On June 1st, Dr. Barr, a surgeon employed by appellant to wait upon appellee and give him the necessary medical treatment from December to June 1st, advised appellant's agent in Beaumont, Mr. O. H. Pennock, that an immediate operation was necessary, and was instructed by Mr. Pennock "to go ahead with it." At the agent's request Dr. Barr gave him a written report on appellee's condition, which contained this language: "If you are willing to stand the expense of such an operation advise me." Appellant made no direct reply to Dr. Barr to this report, nor did the agent speak to Dr. Barr further about the operation, nor did Dr. Barr have any communication of any kind with appellant or its agent after filing this report with the agent. No request was made by appellee of the board to change the date of the order for the operation nor to change any of its conditions. Appellee's condition became rapidly worse, so much so that Dr. Barr and his associate, who had been selected by the board to perform the operation, thought that it should not be longer postponed, and that to wait until July 10th would endanger appellee's life, and probably render the operation impossible. Because of this emergency, they performed the operation on June 7th, amputating appellee's leg above the knee joint. After the operation was performed, appellant gave notice of appeal from the final award, and filed this suit, as already stated.

The jury found that appellant impliedly agreed to the operation. We think this issue was raised by the evidence. Appellant knew of the imperative need for the operation, and that a further delay would endanger appellee's life, and, if the operation was postponed until July 10th, he might not be able to stand it. Its agent had verbally instructed Dr. Barr, appellant's own physician, the one selected by the board to perform the operation, "to go ahead with it." Under employment by appellant, Dr. Barr had been treating appellee for several months under an express contract that did not expire until June 1st. On that date he gave appellant a written report of appellee's physical condition, reflecting the need of the operation, and inquired of appellant if it was willing to pay the expense. With all these facts before it, appellant made no objection to the operation, and gave Dr. Barr no instruction not to proceed with it. Under these facts, the issue was raised against appellant that it was bound to speak or be bound by its silence. The evidence also raised the issue of express authority to proceed with the operation, and the court's judgment resolved that issue against appellant. Having acquiesced in the order, and also having expressly agreed thereto, appellant cannot now escape its burdens by this appeal.

There is no merit in the proposition that appellee cannot recover these expenses. The issue was made of a primary liability of appellee to the sanitarium and the doctors. These items were fixed by the jury at the following amounts: Surgical expenses $203; medicine $148; hospital services, $164.50. At the request, or rather at the suggestion, of appellee, since these items have not been paid by him, it is our order that no execution issue in his favor for these items until he files with the clerk of the district court of Jefferson county an agreement from the persons to whom these items are owing releasing appellant from all liability thereon.