## GREAT AMERICAN INDEMNITY CO. v. McELYEA et al.

### No. 2780.

Court of Civil Appeals of Texas. El Paso.

Feb. 9, 1933.

Rehearing Granted March 2, 1933, on Appellees' Motion.

Rehearing Denied March 16, 1933, on Appellant's Motion.

Turner, Rodgers & Winn, of Dallas, for appellant.

P. P. Ballowe and Hughes & Monroe, all of Dallas, for appellees.

WALTHALL, Justice.

On October 15, 1930, appellee McElyea claims to have been injured by falling through the floor of an ice house located in the 2800 block on North Haskell street, in the city of Dallas, Tex., his claim being that, while he was removing ice, the top floor gave away and he fell through. Appellant at the time was carrying the insurance for the City Ice Delivery Company, his employer.

In due time he filed his claim with the Industrial Accident Board for compensation setting out the nature of his injuries to be: "Rupture and Other Complications Which May Develop On Thorough Examination."

Thereafter, McElyea submitted himself to an operation for the hernia which he claims developed immediately after the injury. A hearing was had before the Industrial Accident Board and McElyea was awarded compensation at the rate of $12.12 per week for

26 weeks. An award was also made in favor of the parties who furnished and provided the operation including hospitalization for the reasonable value of such services.

Appellant gave due notice of appeal from the award and filed this suit.

Thereupon, McElyea filed his answer and cross-action seeking a recovery for total and permanent disability, and later filed his amended answer and cross-action in which he again sought to recover for total and permanent disability and prayed for a lump sum settlement. Appellant, by supplemental petition, raised a question of the jurisdiction of the court to try and determine the claim set up in the cross-action, in that it presented matters which had not been presented to the Industrial Accident Board and that McElyea had not taken the necessary procedural steps necessary to perfect the appellate jurisdiction of the court. Appellant further demurred generally, and specially, to the cross-action, generally denied the allegations therein contained and specially denied that McElyea was the employee of the City Ice Delivery Company at the time of his injury, within the provisions of the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq., as amended).

On February 15, 1932, appellant filed its motion for leave to take a nonsuit in the case and tendered to McElyea the full amount of the award made by the Industrial Accident Board.

The motion for leave to take nonsuit, as well as the plea to the jurisdiction of the court, were both overruled.

At the conclusion of the testimony appellant renewed its motion for leave to take a nonsuit and it was again overruled.

The cause was submitted to a jury on special issues and upon their findings the court rendered judgment in favor of McElyea for $4,932.30; for total and permanent disability and that it be paid in a lump sum; in favor of the medical firm of Shortal, Burton & Bumpas for $100 for performing the hernia operation; and $74 in favor of Baylor Hospital for hospitalization in connection with such operation.

This appeal has been perfected from that judgment.

## Opinion.

◼ Appellant first attacks the action of the court in overruling its plea to the jurisdiction of the court. Under this assignment the contention is made that the cause of action set up in the cross-action involved a cause of action different to the claim filed before the Industrial Accident Board, and, therefore, the court was without jurisdiction to entertain such cause of action.

McElyea's claim before the board reads:

"This is to notify you, Great American Industry Company, that I claim compensation from you under the Employer's Liability Act for personal injury sustained while in the employ of the City Ice Company at Dallas, Texas. The time of my injury was 7:30 o'clock P. M. on the 15th day of October, 1930. The place of my injury was Ice House in 2800 Block on North Haskell st., Dallas, Texas. The cause of my injury was While Removing Ice, The Top Floor Gave Away And I Fell Thru. The Nature of my injury is as follows:

"Rupture and Other Complications Which May Develop On Thorough Examination."

Prior to the award Dr. Shortal of the firm of Shortal, Burton & Bumpas, wrote the following letter which was filed with the board:

"This is to certify that G. C. McElyea was injured on October 15, 1930, by a falling block of ice (100 lbs) from about the height of his shoulders. While attempting to pull the block of ice his foot slipped twisting his body and straining him. He had pain in his left side at the time. He consulted another physician in about a week or ten days and was told that he had a Hernia. Nothing was done about this.

"During the latter part of December he came under our observation and on April 17th he was operated for repair of Inguinal Hernia. Remaining in hospital about two weeks. He apparently had satisfactory results.

"He also had some injury to hips and back the nature of which cannot be exactly stated without x-ray examination. This is to determine any body fracture or misplacement.

"Our bill will be approximately $100.00."

From the above quoted application and letter it appears, we think, that McElyea's claim was not limited to hernia, therefore, appellant's position is untenable.

While it is true that the board only made an award for hernia, yet, in the hearing before it, both the board and the parties to that hearing were apprised of the fact that McElyea was claiming that he had suffered injuries other than hernia.

◼ The proceedings before the board being more or less informal, claims before it need not be alleged with the same particularity as they would be in a court.

The assignment of error questioning the court's action in overruling its plea to the jurisdiction is without merit.

Appellant also assigns error to the court's refusal to permit it to take a nonsuit.

◼ While it is probably the general rule that plaintiff may take a nonsuit, yet, where the effect of doing so would operate to destroy the trial court's jurisdiction, the court was justified in refusing to entertain such a motion. Ocean Accident & Guarantee Corp. v. McCall (Tex. Civ. App.) 25 S.W.(2d) 653.

Another assignment attacks the judgment because no discount on the lump sum settlement is allowed therein.

In cases governed entirely by section 15, of article 8306, R. S., the rule appears to be well settled that the issue of discount to be applied is a question of fact to be determined by the jury. Maryland Casualty Co. v. Ham (Tex. Civ. App.) 22 S.W.(2d) 142; Petroleum Casualty Co. v. Bristow (Tex. Civ. App.) 21 S.W.(2d) 9; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Id. (Tex. Civ. App.) 226 S. W. 154; Herzing v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 17 S.W.(2d) 1046; Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S.W.(2d) 337; Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143; Id. (Tex. Civ. App.) 250 S. W. 447; Western Indemnity Co. v. Milam (Tex. Civ. App.) 230 S. W. 825.

. The statute under which these holdings were made was in force at the time the injury occurred in the case at bar.

The Forty-Second Legislature (chapter 248) enacted article 8306a (Vernon's Ann. Civ. St.), making the discount on lump sum awards 6 per cent., but this act did not become effective until August 23, 1931. At that time the award of the board had been made, the appeal perfected therefrom, and McElyea's cross-action filed.

It follows, therefore, that the rights of the parties depended upon the law as it existed before the enactment of 8306a, and that the rate of discount was a question of fact to be found from the evidence in the case.

There having been no issue on the rate of discount submitted to the jury; no allowance by the trial court of any discount and no evidence upon which we might find the present worth of the payments, the judgment must be reversed.

Appellant's fourth and fifth assignments present questions as to the sufficiency of the evidence, which, in view of the above holding that the judgment must be reversed, will not be discussed.

· Special issues Nos. 20, 21, and 22 were as to the necessity for the operation performed on McElyea and as to what was a reasonable charge therefor and for hospital services.

· Appellant objected to the submission of these issues as follows: "Plaintiff excepts and objects to Special Issue No. 20 for the reason that the matters therein sought having never been submitted to the Industrial Accident Board of Texas, and if this court should render a judgment on the jury's findings to said issue, plaintiff would not be relieved of liability to the physicians who are alleged to have performed the operation on the defendant and this court has no jurisdiction to determine any such amount or make any award therefor under the case of Lumbermen's Reciprocal Ass'n v. Wilmoth (Tex. Com. App.) 12 S.W.(2d) 972."

The same objection was made to the submission of special issues Nos. 21 and 22.

These objections are made the basis for appellant's assignments Nos. 7, 8, 9, 10, and 11, and, under its proposition thereunder, appellant asserts that the trial court had no jurisdiction to hear the claim for medical and hospital bills because they had not been included in McElyea's claim before the board.

While it is true that McElyea made no specific claim for such expenses, yet the matter was presented to the board and its award included those items.

In the case cited by appellant which appears at page 972 of 12 S.W.(2d), a physician was permitted to intervene in a suit where his claim had not been presented to the board. The court properly held that he could not do so. It will readily be seen that the holding there would have no application to the facts here.

The judgment of the trial court will be reversed and the cause remanded.

### On Motion of Appellee for Rehearing.

We reversed this case solely on the ground that no allowance was made by the trial court of any discount on the lump sum settlement, and that no evidence was offered upon which this court can find the present value of the payments.

In his motion appellee, to avoid a reversal of the case for reasons above stated, waives that part of the judgment awarding him a lump sum settlement.

We have concluded to accept such waiver, set aside our judgment reversing and remanding the case, and now and here enter judgment that McElyea recover of appellant the sum of $12.30 per week (said sum being 60 per cent. of the alleged weekly wages as found by the jury) for 401 weeks, and that the judgment of the trial court in other respects in no wise be disturbed.

With the above change in our opinion the case is affirmed.