**The STATE of Texas, Appellant,**

v.

**Maximino GARZA, Jr., Appellee.**

No. 13931.

Court of Civil Appeals of Texas.

San Antonio.

May 16, 1962.

Rehearing Denied June 20, 1962.

**750**

Charles J. Lieck, Jr., Dist. Atty., John G. Benavides, Asst. Dist. Atty., San Antonio, for appellant.

Rivera, Lee & Ritter, San Antonio, for appellee.

MURRAY, Chief Justice.

This is an appeal from a judgment of the 150th District Court, sitting as the Juvenile Court of Bexar County, declaring Maximino Garza, Jr., to be a delinquent child, under the provisions of Art. 2338–1, Vernon's Ann.Civ.Stats. The trial was to a jury and the judgment was based upon the verdict of the jury.

Appellant's first contention is that the trial court erred in overruling the motion of the District Attorney for a nonsuit. We overrule this contention. In the first place, this was a jury trial and appellant filed no motion for a new trial, which is a prerequisite to an appeal under the provisions of Rule 324, Texas Rules of Civil Procedure. There are certain exceptions provided in the Rule, but none of them exist here. The motion for a non-suit was made prior to the trial and became a preliminary motion. Rule 325, T.R.C.P., provides as follows:

> "In cases of motions for continuance, or for change of venue, or other preliminary motions made and filed in the progress of the cause, the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the motion for new trial; and the judge may recite in his order disposing of the motion for new trial the grounds of such ruling. Nothing in Rule 324 shall render a motion for new trial unnecessary in the instances mentioned in this Rule nor in instances of newly discovered evidence, misconduct, fraud or the like."

Therefore, appellant waived any error committed by the trial court in overruling its motion for a non-suit.

If we be in error in holding that appellant waived its first point by failing to file a motion for a new trial, we are, nevertheless, of the opinion that the point does not present any reversible error.

We are aware of Rule 164, T.R.C.P., which provides as follows:

> "At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard in his claim for affirmative relief. When the case is tried by the judge,

such a non-suit may be taken at any time before the decision is announced."

But this proceeding is an exception to the general rule stated in Rule 164. Renfroe v. Johnson, 142 Tex. 251, 177 S.W.2d 600. In this proceeding, the District Attorney had no personal interest or property right, and his purpose, apparently, was to prevent a hearing until Maximino Garza, Jr., had arrived at the age of seventeen years, when he might be tried as an adult, and thus defeat the jurisdiction of the Juvenile Court. This would have the effect of defeating the entire purpose of the Juvenile Act. Art. 2338-1, supra.

 A plaintiff in taking a non-suit must act in good faith. J. A. Walsh & Co. v. R. B. Butler, Inc., Tex.Civ.App., 260 S.W.2d 889. Good faith, in this proceeding, would require the District Attorney to be governed by the purpose and basic principle of Art. 2338-1, as provided in Section 1 thereof, as follows:

"The purpose of this Act is to secure for each child under its jurisdiction such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interest of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given him by his parents.

"The principle is hereby recognized that children under the jurisdiction of the court are wards of the state, subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them."

In Great American Indemnity Co. v. McElyea, Tex.Civ.App., 57 S.W.2d 966, the Court said:

"While it is probably the general rule that plaintiff may take a nonsuit, yet, where the effect of doing so would operate to destroy the trial court's jurisdiction, the court was justified in refusing to entertain such a motion. Ocean Accident & Guarantee Corp. v. McCall (Tex.Civ.App.) 25 S.W.2d 653."

Appellant's other points are without merit and are overruled. The trial court did not abuse its discretion in overruling the District Attorney's motion for a non-suit, and accordingly the judgment is affirmed.