Jurdie L. BARTON, Appellant,

v.

PACIFIC EMPLOYERS INDEMNITY
COMPANY now Ina of
Texas, Appellee.

No. 1018.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 31, 1975.

Rehearing Denied Jan. 30, 1976.

Pedro P. Garcia, Corpus Christi, for appellant.

Jack K. Dahlberg, Guy H. Allison, Allison & Garcia, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

In this workmen's compensation case, Jurdie L. Barton was awarded compensation benefits by the Industrial Accident Board. The insurance carrier, Pacific Employers Indemnity Company, gave timely notice of its dissatisfaction with the award and within twenty days after notice filed suit in the district court. Service of citation was delivered to Barton on November 22, 1974, and she answered by general denial on November 27, 1974. Without giving notice to Barton, the carrier took a non-suit and the cause was dismissed without prejudice on December 18, 1974. Appeal here by Barton is by writ of error filed six months after the order of dismissal.

The issue here is at what point in the proceedings and under what circumstances may a plaintiff appealing from an award of the Industrial Accident Board take a non-suit, abrogate the award, and destroy the interests of the parties involved. Appellee argues that the proper time is after the appearance date. Appellant contends, without suggesting the correct time, that a non-suit may not be taken unless notice is given to the claimant.

The Texas Legislature has answered the issue presented here, as to notice, in favor of the appellant by enactment of Tex.Rev. Civ.Stat.Ann. art. 8307d (Supp.1975). It became effective June 19, 1975, two days aft-

er this writ of error was filed. We do not, therefore, consider Article 8307d totally dispositive of the question here. It provides:

"At any time before the jury has retired in the trial of a workmen's compensation case on appeal from an award of the Industrial Accident Board, the plaintiff may take a nonsuit after notice to the other parties to the suit and a hearing held by which time all parties must perfect their cause of action, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge of a district or county court, such nonsuit, after notice and hearing, may be taken at any time before the decision is announced."

This article is reflective of legislative concern for the problem involved. Although this article did not control the action of the parties in this case, we cannot agree with appellee's suggestion that because the Legislature has only recently codified the requirement of notice and hearing before taking a non-suit, notice was required prior to the effective date of the statute.

An appeal from a Board decision is governed by Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (1967). This article provides, in part, that after notice is given that a party is not willing to abide by the decision of the Board, he shall bring suit to set aside that decision within twenty days after giving the notice. It is further provided that the decision of the Board shall be binding upon all the parties unless the party giving notice institutes and prosecutes a suit to set the decision aside within twenty days of giving notice.

■ Generally, a party's right to take a nonsuit pursuant to Rule 164, T.R.C.P., is absolute and cannot be denied. *Brooks v. O'Connor,* 120 Tex. 121, 39 S.W.2d 22, 24 (1931). Our courts have, however, tempered the general rule with the exception that the privilege is not entirely without limitation. *Renfroe v. Johnson,* 142 Tex. 251, 177 S.W.2d 600, 602 (1944). It has been

recognized in non-workmen's compensation cases that the plaintiff that exercises the privilege must act in good faith. *McCormick v. Hines,* 498 S.W.2d 58, 64 (Tex.Civ. App.—Amarillo 1973, writ dism'd); *State v. Garza,* 358 S.W.2d 749, 751 (Tex.Civ.App.— San Antonio 1962, no writ); *J. A. Walsh & Co. v. R. B. Butler, Inc.,* 260 S.W.2d 889, 890 (Tex.Civ.App.—Waco 1953, writ dism'd w. o. j.) with opinion, 152 Tex. 601, 262 S.W.2d 952 (1953); *Payne v. Nichols,* 176 S.W.2d 961, 963–964 (Tex.Civ.App.—Galveston 1944, writ ref'd w. o. m.). Also, the court may, exercising its equitable powers, delay the granting of the nonsuit to permit the filing of a counterclaim in exceptional circumstances. *J. A. Walsh & Co. v. R. B. Butler, Inc.,* supra.

■ There is, however, an even stronger reason to recognize a limitation upon the right when non-suit is sought by a plaintiff insurance carrier in an appeal from a decision of the Industrial Accident Board. The reason is that when the appeal has been perfected pursuant to Article 8307, § 5, the award of the Board is vacated. *Zurich General Accident & Liability Ins. Co. v. Rodgers,* 128 Tex. 313, 97 S.W.2d 674, 676 (1936). If the employee has not filed a cross-action and the insurance company is permitted to take a non-suit, the employee is out of court without an award of the Board or judgment of the court. The Texas Supreme Court early recognized the harshness of granting a motion for non-suit in such a situation. We find the language in *Texas Reciprocal Ins. Ass'n v. Leger,* 128 Tex. 319, 97 S.W.2d 677, 679 (1936), particularly applicable to the case at bar.

"It is not permissible for a party against whom an award has been rendered by the Industrial Accident Board to defeat the purpose of the law by appealing to a court of competent jurisdiction, and then, before that court has acquired jurisdiction of the parties and subject-matter, and before an opportunity is given to all parties concerned to assert their rights therein, dismiss the suit, abrogate the

award, and destroy the interests of the parties involved in the award appealed from. The law does not sanction such a principle, and such procedure would not be tolerated."

It has also been held that a condition to limiting the right of a plaintiff to take a non-suit is that the action of permitting the non-suit be not reasonably calculated to prejudice any right of the defendant for affirmative relief. *Bedner v. Federal Underwriters Exchange,* 133 S.W.2d 214, 217 (Tex.Civ.App.—Eastland 1939, writ dism'd, judgm't cor.). There is a strong inference in the present case that the action of the carrier in seeking a non-suit without giving notice to the employee was decidedly calculated to defeat liability. The condition in *Bedner,* however, was not intended to preclude a carrier from seeking to defeat liability. The limitation is upon an action that would prejudice the rights of the claimant. Appellant's contention is that her rights were prejudiced when the carrier failed to give notice to her of the motion for non-suit.

In *Hardware Mutual Casualty Company v. Clark,* 360 S.W.2d 921 (Tex.Civ.App.—Waco 1962, writ dism'd), the employee was seeking to mature an award of the Board. The question before the Court was whether the award of the Board had been vacated. Initially the carrier appealed from the Board's decision and the employee answered by general denial only. Twenty-three days after the employee's answer was filed the carrier dismissed its suit and gave notice within five days. The employee did not seek to reinstate the cause but five months later instituted suit to mature the award of the Board.

The carrier's contention was that when it filed suit to set aside the decision of the Board the award was vacated and could not be matured. The employee argued that by dismissing its suit the carrier had not instituted and prosecuted its suit as required by Article 8307, § 5. The court held that the carrier fulfilled the requirements of the statute when suit was filed. The court explained that when the employee answered, the court acquired jurisdiction and the award of the Board was vacated.

The employee also argued that he was entitled to wait until any time before trial on the merits to assert his claim and dismissal without advance notice to him prevented his exercise of this right. Rejecting this argument the court said:

". . . To adopt the contention would be to hold that by filing a general denial claimant could indefinitely preclude a voluntary dismissal by the carrier without subjecting itself to the hazard of having the award matured with the ensuing penalties. . . ."

The above quoted language does not adequately answer the claimant's contention that she was entitled to notice, nor does it answer her argument here that notice is required by Rule 72, T.R.C.P. Appellee's position is, without citing any authority, that Rule 72 is not applicable to motions for non-suit. The rule provides, in part, that whenever a party files a motion which is not required by law or other rules to be served on the adverse party, he *shall* at the same time either deliver or mail to the adverse party or his attorney a copy of the motion. The underlying purpose of this rule is to prevent surprise and provide an opportunity for the opposing party to contest the motion. *Three Bee Inv. Corporation v. Galveston-Houston Co.,* 166 S.W.2d 382, 383 (Tex.Civ.App.—Galveston 1942, no writ).

Because of the nature of a suit to set aside a decision of the Board and the severe consequences attending a dismissal of the cause pursuant to a motion for non-suit, appellant is entitled, at the very least, to the notice as required by Rule 72. We so hold. And our decision does not rest upon Article 8307d. The language of that statute is not retroactive and not controlling of the action of the parties here.

The trial court's order of dismissal is, therefore, reversed and the case is remand-

ed to this trial court with instructions to reinstate the cause on the trial court's docket and to allow the appellant a reasonable time to file her cross-action under the Texas Workmen's Compensation Act.

The case is reversed and remanded with instructions.

NYE, Chief Justice (concurring).

It is evident to me that neither the legislature nor the Courts of Texas ever intended to permit one party to abrogate another party's rights without proper notice. Under the workmen's compensation statutes, notice is required of every step in the proceedings. Even though Article 8307, Section 5 does not specifically require notice of a non-suit, the legislature intended that such be the case. The amendment of the statute under Article 8307d which is now in effect reflects such intent. Although Rule 164, T.R.C.P. would indicate that a party has a right to take a non-suit and that such right is absolute and cannot be denied, our Constitutions, both state and federal, prohibit such action.

I know of no other situation in the law where a party's rights could be completely destroyed, finally, and without effective appeal, than in this situation, if a non-suit were sanctioned. There is no place in the law for permanent relief, to any party, in a court of law, without proper notice. Even though the Texas Rules of Civil Procedure do not provide for such notice, our Constitutions do. Tex.Const. Art. 1, § 19; U.S.C.A. Const. Amend. V, XIV. ". . . nor (shall a person) be deprived of life, liberty, or property, without due process of law; . . ." Every person is entitled to due process of law. There cannot be due process without proper notice. See *Armstrong v. Manzo,* 371 S.W.2d 407 (Tex.Civ.App.—El Paso 1963, writ ref'd n. r. e., 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).