The judgment of the trial court is reversed and the cause is remanded.

**JONES et al. v. MAPLES et al.**
No. 2486.

Court of Civil Appeals of Texas. Eastland.
Dec. 8, 1944.

Rehearing Denied Dec. 29, 1944.

T. R. Odell, of Haskell, for appellants.

Calvin Henson and Ratliff & Ratliff, all of Haskell, for appellees.

FUNDERBURK, Justice.

This suit was brought in the name of "Haskell Cemetery Association, represented herein by the officers of said Association, to wit, Rev. C. Jones, President, Joe Massie, Vice-President, Mrs. Ora Stovall, Treasurer, Mrs. H. J. Hamilton, Secretary, Mrs. Louise Merchant, a feme sole, Reporter, Mrs. John E. Fouts and Mrs. Ed Cass, Advisory Board." The same persons, together with John E. Fouts and Ed Cass as Plaintiffs, also sued as individuals. The defendants were Mrs. Joe Maples, Joe Maples, Mrs. C. Hunt and husband, Courtney Hunt, Mrs. Linna Cunningham, a feme sole, F. L. Peevy, Mrs. F. L. Peevy, and R. C. Couch. The purpose of the suit as disclosed by plaintiffs' first amended original petition was to have money and property allegedly belonging to the Haskell Cemetery Association in the hands of defendants, or some of them, transferred to plaintiffs, or such of them as were officers of said association and claiming the right to such custody. The defendants answered first by "Special Exception and plea to the jurisdiction of the court * * *." (This was, in fact, an exception and not a plea.) Then followed a general denial, and following the general denial defendants pleaded specially as follows:

"For further answer, if required, said defendants say that although this suit appears to have been brought in the name of Haskell Cemetery Association, a non-profit association, and in the name of the individual plaintiffs as purported officers thereof, it is in truth and in fact an effort on the part of said individual plaintiffs to have this court declare said individual plaintiffs to be the officers of said association in preference to the defendants herein, who are in fact the duly and regularly elected officers of the association; that said association is an unincorporated association or organization of individuals, operating a cemetery at Haskell, in Haskell County, Texas, under a Constitution and By-Law, without profit to any member; that the officers thereof do not draw any pay for their services and do not receive any benefit from said offices; that the rights and privileges of holding the offices and of exercising their functions are purely honorary; that this suit is merely an attempt on the part of the individual plaintiffs herein, to have this court interfere with the internal affairs and operations of said association of private individuals, and to oust these defendants as officers thereof; that it is not brought for the purpose of protecting the emoluments of office of the plaintiffs alleged to be officers, or any valuable civil or property right of the plaintiffs, or either of them, and which they are entitled to have protected by the court."

The prayer following this plea was as follows: "Wherefore, · said defendants pray that this suit be dismissed for the want of jurisdiction of the court to hear and determine the matter in controversy, at the costs of the plaintiffs; or, that plaintiffs take nothing as against defendants by reason of this suit, and that they go hence without day and recover of the plaintiffs all costs in this behalf incurred."

The judgment referring to "exception and plea to the jurisdiction of the court to hear and determine the matters involved in this cause" recites that the Court, "having heard and considered the argument for both defendants and plaintiffs on such exception and plea, reserved a ruling on the same until such time as the court might become satisfied thereon through and by reason of testimony and evidence which might be adduced on the trial." At the close of a jury trial the Court, according to further recitations in the judgment, "further considered said exception and plea to the jurisdiction of the court to hear and determine the matters in controversy in this cause, and after hearing the arguments of counsel for both the defendants and the plaintiffs and considering the evidence and testimony adduced, announced the opinion of the court that the law is with the defendants and that this court has no jurisdiction to hear and determine any issue involved in this cause raised by plaintiffs' pleading or by the evidence and testimony presented to the Court by the plaintiffs; that no fraud has been shown; that there are no emoluments of office involved; that no valuable civil or property rights are involved in this cause, and that same should be dismissed." Accordingly, after first dismissing the jury, the cause was dismissed. Plaintiffs have appealed.

A preliminary question is: What has been determined by the judgment? Apparently the Court observed no distinction between the exception to plaintiffs' petition, which sought to elicit the Court's judgment as to whether said pleading alleged a cause of action within the jurisdiction of the Court; and the special plea al-

leging facts additional to those pleaded by plaintiffs, as the basis for eliciting judgment of the Court that the Court was without jurisdiction. The plea was in nature and purpose a plea in abatement following a general denial, and, therefore, waived except for the fact that a lack of jurisdiction cannot be waived.

It seems to us that most of the facts or conclusions alleged in the plea to the jurisdiction were, if not expressed, at least implied in the allegations of plaintiffs' petition. One exception, however, is the allegation of the plea that defendants "are, in fact, the duly and legally elected officers of the Association * * * That this suit is merely an attempt on the part of the individual Plaintiffs herein to have this court interfere with the internal affairs and operations of said Association of private individuals, and to oust these Defendants as officers thereof."

█ In our opinion, plaintiffs' petition alleged a cause of action within the jurisdiction of the Court in favor of the Association and of some of the other plaintiffs in at least some capacity and against the defendants, or some of them, and that, therefore, the Court erred in sustaining the exception to plaintiffs' petition.

There are, perhaps, more than one good reason which would impel us to the conclusion that the judgment should not be considered as resting upon findings to the effect that defendants, and not plaintiffs, were the duly elected officers of the Association. One such reason is that the judgment of dismissal is not one appropriate to such findings. Under our view above stated, that the pleadings were sufficient as against the exception, the proper judgment, if the Court found that the defendants were the duly elected officers of the Association, would have been a take-nothing judgment—a judgment on the merits; and, therefore, inconsistent with the Court's conclusion that it was without jurisdiction.

In the view we take of the case the only questions presented are those which arise upon the pleadings and are properly to be considered and determined without reference to the evidence. When the Court, after deferring action upon the exception and after hearing the evidence, sustained the exception, with the effect of a judgment that no cause of action within the jurisdiction of the Court was alleged, there remained no pleadings to support any evidence.

█ A general rule, and exceptions thereto, is stated thus: "In the absence of illegality or injustice ordinarily courts will not interfere in the internal affairs of an association, and the due decision of an association's tribunal as to such matters is controlling. Where, however, civil or property rights are involved, or where the action of the association is clearly illegal, judicial redress may be secured." 7 C.J.S., Associations, p. 79, § 34 (black letter text). Such rule and exceptions have most frequent application, of course, when individual members assert claims against the association or officers thereof. Here the Association, officers and certain members thereof, are asserting claim against other members of the Association. The only really necessary party plaintiff was the Association, or, at most, the Association and the treasurer. In this state for purposes of suit unincorporated associations, such as the Haskell Cemetery Association, are legal entities. R.S.1925, art. 6133; and art. 1995, subdivs. 23, 27, Vernon's Ann.Civ.St. art. 1995, subds. 23, 27; Brotherhood of Railroad Trainmen v. Cook, Tex.Civ.App., 221 S.W. 1049; Frank v. Tatum, 87 Tex. 204, 25 S.W. 409.

█ "The duly elected or de facto officers of an association or its trustees are ordinarily entitled to custody of its funds and records, although they may waive the right of custody thereof." 7 C.J.S., Associations, p. 49, § 20, (black letter text). The effect of the allegations of plaintiffs' petition is that plaintiffs are the duly elected officers of the Association; that according to the constitution and by-laws, they are entitled, as representing the entire membership, to manage and control the affairs of the association and to have the custody of its money, property and records; that defendants have possession of such money, property and records and have refused to deliver same to plaintiffs. Assuming, as we must, the truth of these allegations, it appears that the suit involves property rights and civil rights. According to the allegations, the suit is not one to contest an election of officers of the Association, such as Gaines v. Farmer, 55 Tex.Civ.App. 601, 119 S.W. 874, 877. The distinction to be noted between that case and this is well illustrated by the following excerpt from the opinion in that case:

"In asking for the writ of injunction, Farmer does not claim that he does so as a member, or representative, of the association for the purpose of preserving the property rights of the association or its members, or to prevent a diversion of the funds to an unauthorized purpose; neither does he say that any injury will or is likely to result to the association or its members from the payment of the money by Bledsoe upon the order of Gaines * * *."

In the present case the Association and the treasurer seek to recover custody of money and property of the Association, amounting to several thousand dollars. It is immaterial upon the question of whether a property right is involved that no personal interest in the money or property is asserted. The Association, as comprehensive of all its members, has the right that its funds be paid out only on the order of the president and be paid by check of the treasurer, as provided in the constitution and by-laws. The Association has the right that its own officers, and not others, even though members of the Association, have the custody, control and management of the property.

The same question which has ruled the decision of this case in the court below could have been raised in Clark v. Brown, Tex.Civ.App., 108 S.W. 421, and Brown v. Clark, 102 Tex. 323, 116 S.W. 360, 24 L.R.A.,N.S., 670. But evidently in that case jurisdiction was unquestioned. Authority for the proposition that the right asserted in this case, as we have above stated it, is a property right is the case of Knights and Daughters of Tabor v. Reid, Tex.Civ.App., 270 S.W. 241, 244. This appears from the following excerpt from the opinion: "A property right only being involved in the case, the custody of books and money, the court has jurisdiction for that purpose." In Gaines v. Farmer, supra, the Supreme Court held that the trial court had no jurisdiction to determine an election contest involving officers of the Association. In Knights, etc., v. Reid, supra, it was held that the Court could determine

who were really the officers of an Association as incident to the question of proper custody of money and property of the Association. There is no conflict between these decisions upon that point.

In Sims v. University Interscholastic League, Tex.Civ.App., 111 S.W.2d 814, it was held that rights of members to participate in advantages provided by rules of an association constitute civil rights justiciable by the courts. (See headnote 22). This was independent of, and on a parity with, monetary interest dealt with under headnote 21. Thus it appears to us that the Court below had jurisdiction, because the suit involved civil rights and property rights. See Lundine v. McKinney, 183 S.W.2d 265, by this court, for further discussion of the controlling principles.

It must be admitted that exact precedents, if any, are not plentiful. Ostrom v. Greene, 161 N.Y. 353, 55 N.E. 919, a New York case, is authority for our conclusions. It affirms the right of regularly elected officers of an association to sue for funds of the association in the hands of former officers, when, upon demand, they will not transfer them to such officers.

It must be borne in mind that it is the case alleged, and not such case as the evidence may show to be actually existent, upon which the question of jurisdiction arises. In our opinion, the Court has jurisdiction to render judgment on the merits of the case alleged. Plaintiffs' whole case may succeed or fail upon the issue of whether they are the real officers of the Association. Their case may be affirmatively defeated by the defendants alleging and establishing that the latter are the officers and representatives of the Association. It is evident that the real case has not been tried and the rights of the parties adjudged.

It is our conclusion that the judgment should be reversed and the cause remanded, which is accordingly so ordered.

GRISSOM, J., disqualified and not sitting.