RUNNYMEDE CORPORATION,
Appellant,

v.

METROPLEX PLAZA, INC. et
al., Appellees,

No. 19076.

Court of Civil Appeals of Texas,
Dallas.

Oct. 1, 1976.

Rehearing Denied Nov. 4, 1976.

Wm. Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellant.

George W. Bramblett, Jr., Haynes & Boone, John F. Boyle, Jr., Dallas, for appellees.

GUITTARD, Justice.

Appellee Tom Tenhagen moves to dismiss this appeal because the bond was not filed

within thirty days after the final judgment was signed. We sustain the motion.

The question is whether a judgment in favor of one defendant is final and appealable although it does not refer to an earlier interlocutory judgment in the same cause in favor of the only other defendant. We hold that it is.

Appellant Runnymede Corporation sued Metroplex Plaza, Inc. and Tom Tenhagen. On May 6, 1975, a summary judgment in favor of Metroplex was rendered and signed. No severance was ordered. On February 24, 1976, Tenhagen's plea in abatement was sustained and an order was signed dismissing the suit on the ground that Runnymede's charter had been forfeited. This order did not refer to the previous interlocutory order and did not mention defendant Metroplex. On June 17, 1976, a "final judgment" was signed expressly incorporating both of the previous orders and reciting that both were interlocutory. The appeal bond was filed on July 9, 1976.

Appellee contends that the judgment of February 24, 1976, was final under *Zachry v. Thibodeaux,* 364 S.W.2d 192 (Tex.1963), and, consequently, that the subsequent order of June 17 was a nullity. We agree. Appellant attempts to distinguish *Zachry* on the ground that in that case the second order was a voluntary dismissal rather than an adjudication of the merits. Appellant's position is supported by a number of decisions of the courts of civil appeals, including *Gaitz v. Markman,* 482 S.W.2d 391 (Tex.Civ. App.—Houston [14th Dist.] 1972, no writ) and *Thomas v. Shult,* 436 S.W.2d 194 (Tex. Civ.App.—Houston [1st Dist.] 1968, no writ). These decisions were apparently overruled by *Webb v. Jorns,* 488 S.W.2d 407 (Tex.1973), in which a second judgment was rendered on an instructed verdict after a jury trial, but was held to be final and appealable although it did not refer to a previous judgment which had dismissed the case "with prejudice" as against another defendant. Consequently, we must hold that the judgment of February 24, 1976, was final, that the trial court lost jurisdiction thirty days after that date, that the

judgment of June 17, 1976, was a nullity, and that we have no jurisdiction of this appeal.

Appeal dismissed.