Delvin Stanley PHILBROOK, et
ux., Relators,

v.

The Honorable Weldon BERRY, et
al., Respondents.

No. 01–84–0410–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 13, 1984.

Donna Cywinski, William Ferebee, Fere-
bee & Ferebee, Houston, for relators.

Richard Josephson, Baker & Botts, Hous-
ton, for respondents.

Before EVANS, C.J., and BULLOCK and
WARREN, JJ.

OPINION

WARREN, Justice.

Relators seek a writ of mandamus to
compel the Honorable Weldon Berry, Judge
of the 80th District Court of Harris Coun-
ty, to set aside an order granting a motion
for new trial filed by Owens-Illinois, Inc., a
named defendant in the original lawsuit
filed by the relators. They allege that the
motion for new trial filed by Owens-Illinois
was filed in a different cause number and
thus is ineffective.

On December 27, 1983, relators filed suit in Harris County against eight defendants, including Owens-Illinois, seeking recovery for injuries allegedly caused by Mr. Philbrook's exposure to asbestos. The action was assigned to the 80th District Court and given cause no. 83–74655.

Owens-Illinois was served with citation through its registered agent on January 13, 1984, and a copy of the petition was forwarded to its attorney. No answer was filed within the statutory time limit. On February 20, 1984, the court heard evidence in support of relators' motion for default judgment against Owens-Illinois and granted it.

On February 20, 1984, the trial court signed an order granting relators' "Motion for Severance," severing relators' claim against Owens-Illinois from cause no. 83–74655 into a separate cause of action, which was docketed as cause no. 83–74655–A. The court also signed a default judgment in cause no. 83–74655–A that awarded relators $2.5 million against Owens-Illinois.

On February 28, 1984, relators mistakenly filed a motion to transfer documents from cause no. 83–84655 to 83–84655–A; no certificate of service was attached to indicate whether the opposing parties had been notified of the motion. On February 29, the court signed an order transferring various instruments from cause no. 83–8 4655 to 83–8 4655–A. Also on February 29, before learning of the default judgment, counsel for Owens-Illinois filed an answer in the original cause no. 83–74655.

On March 21, 1984, the thirtieth day after the default judgment had been entered in cause no. 83–74655–A, Owens-Illinois filed a motion for new trial in cause no. 83–74655. After a hearing on April 2, the court granted Owens-Illinois' motion and signed an order granting a new trial in cause no. 83–74655–A, although relators' counsel states that he did not receive a copy of the order until after it was signed. The order stated that the court was of the opinion that a new trial should be granted, and also included a finding that severance

was no longer necessary and that all matters involving the parties would be conducted in cause no. 83–74655. No date appeared on the order, but a docket entry indicated that it was signed on April 13.

On May 10 relators filed a motion objecting to the April 13 order on the grounds that it did not use "order" language, that the court had no jurisdiction to rule, because no motion for new trial had been filed within 30 days of the default judgment in cause no. 83–74655–A, and that the order recited no date of signature. An amended motion objecting to the April 13 order was later filed, which added that Owens-Illinois' motion for new trial was overruled as a matter of law on May 5, 1984. At a hearing on June 11, the court overruled relators' objections and signed an order nunc pro tunc that added a date of signature, traditional "order" language, and other details of the decree granting a new trial.

Relators do not list separate points of error in their petition for writ of mandamus, but raise several arguments in their brief. First, they assert that the trial court lost its jurisdiction in cause no. 83–74655–A on March 22, because the motion for new trial was filed in the original cause no. 83–74655. Next, relators argue that the April 13 order was ineffective because it lists only findings and does not order a new trial. Finally, relators assert that the two causes have never been effectively consolidated, so that the judgment in cause no. 83–74655–A is final and Owens-Illinois must seek any relief on appeal rather than in a new trial.

 In overruling relator's third argument, we note that the two causes were severed without notice to opposing counsel, as required by Tex.R.Civ.P. 72, although it appears that counsel's identity was known to relators. While the trial court may entertain oral motions in the course of trial, Tex.R.Civ.P. 21, a motion which disposes of a party should be in writing and with proper notice to the parties. *See City of Houston v. Sam P. Wallace & Co.*, 585 S.W.2d 669 (Tex.1979). The purpose of notice is to

give opposing parties an opportunity to protect their interests, as well as to prevent surprise. *See Barton v. Pacific Employers Indemnity Co.*, 532 S.W.2d 128, 130 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *Three Bee Investment Corp. v. Galveston-Houston Co.*, 166 S.W.2d 382 (Tex.Civ.App.—Galveston 1942, no writ).

■ Although failure to give notice of a severance would not in every case be erroneous, in the case at bar, the lack of notice of the severance was clearly injurious to Owens-Illinois, and the order was erroneous. Without notice, Owens-Illinois could not have discovered the default judgment by examining the clerk's file in cause no. 83–74655. The failure of relators to give notice of the severance caused Owens-Illinois to file its motion for new trial in the wrong cause. We hold that the trial court acted properly in granting the mis-numbered motion for new trial.

■ Relators next argue that the April 13 "order" is nothing more than a list of findings by the trial court. Although they do not specify the language which should have been employed, we assume that relators are concerned that the instrument does not use the words "ordered, adjudged and decreed" typically associated with an order. The order does contain the following language:

> BE IT REMEMBERED that on the 2nd day of April, 1984, came on before the Court the motion for a new trial of defendant, Owens-Illinois, Inc. and the Court having considered the evidence, reviewed the pleadings, motions, and affidavits and having heard argument of counsel is of the opinion that ... the motion for a new trial should be in all things granted.

Relators assert that the order fails to dispose of issues pending before the court, that it is so uncertain and indefinite that it is not sufficient basis on which to grant a new trial, and that the nunc pro tunc order rendered after the plenary power of the court had expired could not revive the ineffective April 13 order.

Initially, we note that similar language has been held effective in *Spoonmore v. Board of Polygraph Examiners*, 545 S.W.2d 588 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). Relators distinguish *Spoonmore* by noting that its order denied relief, while the order in the case at bar attempted to grant relief. We find this to be a distinction without a difference.

■ Relators direct us to cases in which orders were held to be insufficient because they failed to dispose of issues pending before the court. In *Chandler v. Reder*, 635 S.W.2d 895 (Tex.App.—Amarillo 1982, no writ), the order did not specify whether it was granting an entire or partial summary judgment, although the movant's prayer was in the alternative. In *Balazik v. Balazik*, 632 S.W.2d 939 (Tex.App.—Fort Worth 1982, no writ), the order did not grant or deny the motion for new trial before the court, but ordered a hearing to "redetermine" the issues of custody and property division after a divorce decree. In *Poston Feed Mill Co. v. Leyva*, 438 S.W.2d 366 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd w.o.j.), the trial court's order granted a motion for extension to file a controverting plea that had not requested that the underlying plea of privilege be set aside. Unlike the orders in these cases, the April 13 order in the case at bar clearly indicates that the trial court is giving Owens-Illinois the only relief it asked for in its motion which will effect relief: a new trial on the merits. Therefore, the cases cited by relators regarding orders granting incomplete relief are inapposite.

■ Relators also direct us to cases holding as void out of time nunc pro tunc orders that attempted to correct timely oral pronouncements of decisions on motions. *See McCormack v. Guillot*, 597 S.W.2d 345 (Tex.1980); *Danforth Memorial Hospital v. Harris*, 573 S.W.2d 762 (Tex.1978); *Reese v. Piperi*, 534 S.W.2d 329 (Tex.1976). These cases are not on point, because in the case at bar the April 13 order is written, not oral. To the extent that the order lacks a date of rendition, which was added in the nunc pro tunc order of June 11, we note

that the docket entry made on April 13 may be used to clarify the court's order. *See, e.g., Petroleum Equipment Financial Corp. v. First National Bank,* 622 S.W.2d 152 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.).

We next turn to relators' contention that the order is so uncertain and indefinite that it is not sufficient to grant a new trial. In *Hilatex, Inc. v. State,* 401 S.W.2d 269 (Tex. Civ.App.—Houston [1st Dist.] 1966, writ ref'd n.r.e.), this court was faced with an order by the trial court which read as follows:

> Came on to be heard this 23rd day of September, 1965 the motion by Plaintiff, the State of Texas, acting by and through the Attorney General to set aside the order of this court entered on September 16, 1965, granting Defendants, Hilatex, Inc., et al., a new trial, and It appearing to the Court that this Court has lost jurisdiction of this case by operation of law;
>
> Now, therefore, it is hereby ordered, adjudged an decreed that the order granting a new trial to defendants, Hilatex, Inc., et al., on September 16, 1965 is set aside, *and be further ordered, adjudged and decreed that if this Court had retained jurisdiction to enter the order of September 16, 1965, granting defendants a new trial, the motion of the State filed on September 23rd, 1965 to set aside the order granting a new trial would have been denied by this Court.* (Emphasis added).

We held that the portion of the order that is emphasized above was so uncertain and indefinite that it was insufficient to grant relief, even though the trial court was mistaken in its belief that it had lost jurisdiction of the case. The language in the *Hilatex* order was conditional, and required the court to make a further fact finding to grant any relief. The uncertainty in the court's language rendered that portion of the order void.

 However, in the case at bar, the April 13 order requires no further fact findings by the court. The relief it purports to grant is not conditional, and no language in the order conflicts with its grant of a new trial. Generally, an ambiguous order may be construed in light of the motion upon which it was granted. *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402 (Tex.1971). Any possible ambiguity in the April 13 order is resolved by reference to the relief requested in the motion for a new trial, which asks that the default judgment be set aside and a new trial ordered on the merits. The April 13 order is sufficient to grant Owens-Illinois a new trial.

Relator's arguments are overruled, and the relief requested by the writ of mandamus is denied.