Frank URBISH, Individually and a/n/f
of Michael Urbish, Relator,

v.

The Honorable 127TH JUDICIAL
DISTRICT COURT, Respondent.

No. C–4049.

Supreme Court of Texas.

Feb. 12, 1986.

Rehearing Denied May 21, 1986.

Nick C. Nichols, Houston, and David
Grant Kaiser, Abraham, Watkins, Nichols
& Ballard, for relator.

John D. Wittenmyer, Houston, Conway,
Storey & Whittenmeyer, for respondent.

## OPINION

GONZALEZ, Justice.

This is an original mandamus proceeding.
Relator, Frank Urbish, requests that a writ
issue ordering Judge Sharolyn Wood of the
127th District Court to vacate her order

overruling Frank's Motion to Show Authority why his former wife, Mary Urbish, should represent their minor son, Michael, in a suit for personal injuries. Frank further requests that we vacate the late Judge W. Ervin James' order overruling the Motion for Rehearing, and his order granting a Motion for Sanctions against Frank to desist in attempting to represent Michael. Frank further prays that this court order that Mary Urbish and her attorney have no authority to represent Michael. For the reasons stated in this opinion, we deny the writ.

The relevant factual and procedural history is as follows:

September 13, 1974—Birthdate of Michael Shane Urbish.

March 24, 1975—Frank Urbish filed petition for divorce from Mary Urbish.

April 25, 1975—Frank became temporary managing conservator of their children, Frank Lavelle Urbish, Jr., and Michael Shane Urbish, pursuant to temporary orders.

July 22, 1975—Mary filed a petition for divorce. Frank and Mary agreed that Frank should be managing conservator of their children. The two divorce proceedings were consolidated on September 26, 1975.

December 15, 1976—The divorce case was dismissed for want of prosecution.

July 9, 1979—Michael was severely burned in a fire.

July 12, 1979—Mary signed a contingent fee employment contract with attorney Robert R. Talton, individually, and as Michael's next friend.

July 20, 1979—Mary, acting as next friend of Michael, filed suit in the 127th District Court of Harris County for personal injuries to Michael (Cause No. 79–31666). On the same day, Mary filed a new petition for divorce in the 308th District Court of Harris County (Cause No. 79–31610), and the court issued an order appointing Mary temporary managing conservator.

July 23, 1979—Frank employed the firm of Madole & Meese to prosecute Michael's claim.

September 27, 1979—The order granting Mary temporary managing conservator was rescinded in the 308th District Court. Frank's parents were named temporary managing conservators of Michael.

January 29, 1980—Frank's parents execute power of attorney with Madole & Meese firm.

July 1, 1981—Frank and his parents filed a Petition in Intervention in the personal injury suit filed by Mary.

December 10, 1981—The 308th court entered a divorce decree. Frank was appointed permanent managing conservator of Michael.

December 17, 1981—Frank employed the firm of Kronzer, Abraham, Watkins, Nichols, Ballard & Friend to represent Michael.

December 23, 1981—Frank filed a Motion to Show Authority for managing Michael's legal representation, directed toward Mary and her attorneys.

December 29, 1982—Judge Sharolyn Wood of the 295th Judicial District (sitting for Judge W. Ervin James of the 127th District) overruled Frank's Motion to Show Authority.

February 22, 1983—Judge W. Ervin James overruled Frank's Motion for Rehearing.

March 31, 1983—Frank filed a Motion for Leave to File Petition for Mandamus with this court. In the petition, Frank requested the court to direct Judge James to reverse his holding on Frank's Motion to Show Authority to represent Michael, and to order that Mary and her attorney had no authority to represent Michael, as Frank was appointed permanent managing conservator.

April 27, 1983—This court denied Frank's Motion for Leave to File.

January 16, 1984—Frank filed a Petition for Declaratory Judgment in the 11th District Court of Harris County, based on questions raised in his Motion

to Show Authority and in his request for Writ of Mandamus.

July 30, 1984—Judge James sustained Mary's Motion for Sanctions, ordering Frank and his attorneys to desist from representing themselves as attorneys for Michael. The court further ordered that only Mary and her attorneys should represent Michael.

September 4, 1984—The Fourteenth Court of Appeals granted Frank's Motion for Leave to File Petition for Writ of Mandamus.

January 10, 1985—The Fourteenth Court of Appeals denied the petition.

March 14, 1985—Frank's Motion for Rehearing on the Motion was denied by substitute opinion. 688 S.W.2d 230.

April 15, 1985—Frank files another Motion for Leave to File a Petition for Writ of Mandamus with this court.

 Our first inquiry must be whether the orders in question were void or were issued as a result of an abuse of discretion. An order is void when a court has no power or jurisdiction to render it. The writ of mandamus will not lie to correct a merely erroneous or voidable order of the trial court, but will lie to correct one which the trial judge had no power to render. *State v. Ferguson,* 133 Tex. 60, 63, 125 S.W.2d 272, 274 (Tex.1939). "If the district judge's order is one within his discretionary powers, the relator must show that it is a 'clear abuse of discretion.'" *Lutheran Social Services, Inc. v. Meyers,* 460 S.W.2d 887, 889 (Tex.1970) citing *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959).

 Frank asserts that the orders issued by the trial court judges of the 127th District Court were void because they violated the express provisions of the Tex.Fam.Code Ann. § 12.04 and § 14.04, and were issued in contradiction of the continuing jurisdiction of the 308th District Court which dissolved the Urbishs' marriage. Specifically, Frank claims that Tex.Fam.Code Ann.

§ 12.04(7) and § 14.02(a) are controlling. § 12.04 provides that:

> Except as otherwise provided by judicial order or by an affidavit of relinquishment of parental rights executed under § 15.03 of this Code, the parent of a child has the following rights, privileges, duties and powers:
>
> > (7) the power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

§ 14.02 provides that:

> (a) Except as provided in Subsection (d) of this section, a parent appointed managing conservator of the child retains all the rights, privileges, duties and powers of a parent to the exclusion of the other parent, subject to the rights, privileges, duties and powers of a possessory conservator as provided in Section 14.04 of this code and to any limitation imposed by court order and allowing access to the child.[1]

When Mary filed suit on behalf of Michael on July 20, 1979, she had power to do so as his parent, pursuant to § 12.04. At that time, there were no court ordered conservatorships in effect regarding Michael. Mary had the right to file the suit, representing Michael as "next friend," and to execute an employment contract with Robert E. Talton, for legal representation. Therefore, the trial court's orders overruling Frank's motion to show authority, overruling the motion to rehearing, and then granting the motion for sanctions ordering Frank to desist in attempting to represent the child are not void. Therefore, we must next consider whether the trial court clearly abused its discretion in these matters.

 When minors sue, trial courts have the responsibility to protect the minor's best interest. Tex.R.Civ.P. 44; Tex. Prob.Code Ann. § 242 (Vernon 1980). As

---

1. We don't believe that in enacting Tex.Fam. Code Ann. § 12.04 and § 14.02, the Legislature intended to require that every time you change managing conservators you have to change lawyers.

part of this responsibility, trial courts are authorized to replace next friends and attorneys when it appears to the court that either has an interest adverse to the minor. *See Newman v. King,* 433 S.W.2d 420, 421 (Tex.1968). The trial court's decision is within its discretion. *Texas Indemnity Ins. Co. v. Hubbard,* 138 S.W.2d 626, 632 (Tex.Civ.App.—1940, writ dism'd judgmt. cor.). When deciding whether to replace a next friend or attorney, trial courts should consider only the minor's best interest; the interests of the next friend and attorney are irrelevant.

■ In this case, Frank waited almost two years after Michael's suit was filed to petition to intervene. He waited six months more to sign an employment contract with his present attorneys. Only shortly thereafter did he finally file a motion to show authority to remove Mary as next friend. The trial court did not abuse its discretion in retaining Mary as next friend, because Frank never showed that such a change would be in Michael's best interest. He concedes that Mary's interests are not adverse to Michael's and that Michael's present attorneys are professional. Frank has made no allegation of impropriety or lack of diligence.

The trial court apparently thought that it was in Michael's best interest *not* to change next friends and attorneys two years after suit had been filed. At such a late date, changing attorneys would delay resolution of Michael's suit, causing him potential disadvantages in prosecuting his claim: disappearing evidence, fading memories, and potential loss of interest, if any, (assuming a favorable recovery). A prompt resolution of Michael's claims has been further delayed by the bickering among the ex-spouses, completely overlooking the paramount interest, which is the best interest of the child.

The writ of mandamus is denied.

HILL, C.J., not sitting.