**WARREN PETROLEUM COMPANY, et al., Appellants,**

v.

**INTERNATIONAL SERVICE INSURANCE COMPANY, Appellee.**

No. 12–86–00143–CV.

Court of Appeals of Texas, Tyler.

March 30, 1987.

Rehearing Denied April 30, 1987.

King Waters, Houston, Raymond R. Johnson, Sulphur Springs, for appellants.

J.S. McLaughlin, McLaughlin, Hutchison & Hunt, Paris, for appellee.

COLLEY, Justice.

This suit is characterized by the parties to be one for breach of contract (indemnity); however, it cannot be adequately described in such concise language. The record before us consists solely of a transcript of the pleadings and other documents filed in three separate actions pertinent to the cause. On September 3, 1968, Billy C. Hager, d/b/a Hager & Son, signed a written agreement with Warren Petroleum Company (Warren).[1] The agreement recites that Hager as an independent contractor may be requested to "supply labor, supervision, expendable supplies, machinery, and tools necessary to accomplish certain work at or in conjunction with a plant near Como [Texas]." Paragraph E of the agreement headed "Indemnification and Insurance" obligated Hager to indemnify and hold Warren harmless from "any and all liability, claims, demands, causes of action, suits and other litigation or judgments ... of every kind and character arising in favor of contractor or third parties ... on account of personal injuries or death ... whether arising out of negligence on the part of owner or otherwise." The agreement also obligated Hager to carry public liability insurance when working at the Como plant with limits of at least $50,000 each person, and $100,000 for each accident "as to bodily injury or death." On March 15, 1976, appellants Warren and Gulf Oil Corporation (Gulf) filed a suit in the 165th Judicial District Court of Harris County (Cause No. 1,066,729),[2] against Hager seek-

---

1. A division of Gulf Oil Corporation.

2. Hager filed a plea of privilege in this cause and it was transferred to Hopkins County by

ing indemnity under the agreement for one million dollars plus paid by Warren and Gulf in a settlement of a suit previously filed against Warren and Gulf by Hager's employee, William Ray Mitchell, who had sustained severe physical injuries on April 19, 1983, while working at Warren's Como plant. Attached to Warren and Gulf's request for admissions of fact filed on April 21, 1983, in the 8th District Court in Hopkins County, is a copy of a judgment approving settlement[3] of Mitchell's damage suit against Warren and Gulf, signed and entered in Cause No. 1,005,165 on the docket of the 61st Judicial District Court of Harris County. The judgment was signed on January 19, 1976. The record shows that at various times during the pendency of the present suit in Hopkins County, Warren, Gulf, and Hager were represented by the same lawyer from the Vinson & Elkins firm. On April 21, 1983, requests for admissions were made of Hager by Warren and Gulf, and at that time Hager's attorney was The Honorable Raymond R. Johnson of Sulphur Springs who thereafter represented Hager in Cause No. 19,382 on the docket of the 8th Judicial District Court of Hopkins County. Johnson answered interrogatories propounded by Warren and Gulf to Hager. On December 12, 1984, Hager filed a third-party action against appellee International Service Insurance Company (Service Insurance), seeking recovery of the policy limits of Service Insurance's policy number 2 32 20 alleged to have been issued by Service Insurance to Hager on January 1, 1973, for a term of one year. The policy was alleged to have provided coverage for Hager's contractual liability to Warren and Gulf under the indemnity agreement. Service Insurance timely answered the third-party action by general and special denials and pleas of limitation and laches. On November 3,

1985, Service Insurance filed a motion to dismiss the third-party action on the basis of laches. The record does reveal that Heard L. Floore, General Counsel for Service Insurance, on February 4, 1975, after receiving copies of Mitchell's original petition against Warren and Gulf in Cause No. 1,005,165 and a letter from Warren and Gulf's counsel to Hager regarding the indemnity agreement, denied contractual liability coverage for Hager under a policy[4] in force at the time of Mitchell's injury.

On April 30, 1985, Warren, Gulf, and Hager executed a compromise settlement agreement whereby Warren and Gulf agreed to accept from Hager an assignment of any judgment Hager recovered against Service Insurance in the pending action in full satisfaction of any and all claims for indemnity held by them under the indemnity agreement, arising out of the payment by Warren and Gulf of the one million dollars plus in settlement of Mitchell's claim for damages against Warren and Gulf. On January 5, 1986, Service Insurance filed a supplemental motion to dismiss, incorporating therein the April 30, 1985, settlement agreement made by Warren, Gulf, and Hager in the instant cause, and contending that such agreement annulled any liability of Service Insurance to Hager. On January 23, 1986, the trial court, without hearing any evidence,[5] signed an order dismissing Hager's third-party action against Service Insurance "with prejudice to refiling the same." Thereafter, Hager filed a request for findings of fact and conclusions of law in the case. The trial judge in response thereto filed on February 21, 1986, purported findings of fact and conclusions of law in support of his order dismissing with prejudice. It is obvious that the "findings" were made from the filings in the cause and docket entries appearing therein, and not from any

order dated December 28, 1976, and thereafter became Cause No. 19,382 on the docket of the 8th Judicial District Court of Hopkins County.

3. Mitchell was under temporary guardianship at the time of that trial.

4. An obvious reference to Service Insurance's policy number 2 32 20 issued January 1, 1973.

5. The order recites that on hearing the matter to dismiss, "and considering the pleadings and the motions filed, and the docket entries appearing herein, [the court] is of the opinion that the Third Party action ... is barred from prosecution by reason of laches and it being a stale demand."

testimony or other evidence introduced at the time of the hearing of Service Insurance's motion to dismiss. Finally, the record shows that on May 2, 1986, the trial court signed a "Final Judgment" in the cause that Warren and Gulf recover from Hager $1,360,000.00 and declared the judgment satisfied by reason of the compromise settlement agreement dated April 30, 1985.[6] The May 2, 1986, judgment did not expressly incorporate, by reference or otherwise, the court's previous order dismissing Hager's third-party action against Service Insurance with prejudice. Warren, Gulf, and Hager each filed separate cost bonds on May 30, 1986.

In a single point of error, Warren, Gulf, and Hager, jointly represented in this appeal by the same counsel, claim the trial court erred in dismissing Hager's third-party action against Service Insurance on the ground of laches. The point assumes that the dismissal order is interlocutory in character and, therefore, is reviewable in this appeal perfected by Warren, Gulf, and Hager by filing cost bonds on May 30, 1986.

Service Insurance, in five reply points, argues (1) that the dismissal order constituted the final judgment, and since no appeal was perfected therefrom, this court is without jurisdiction;[7] (2) the dismissal order was properly entered; and (3, 4, 5) the May 2, 1986, judgment is not appealable because "there is no statement of facts to support the same," because it is a "satisfied judgment"; and because it does not dispose of all parties and issues.

We first address the motion to dismiss this appeal. Service Insurance correctly contends that only one final judgment[8] may be entered in a cause. It candidly acknowledges the holding in *Webb v. Jorns*, 488 S.W.2d 407, 408 (Tex.1972), that

an order dismissing plaintiff's suit as to one of four defendants is but "an interlocutory order, because it did not dispose of all parties and issues in the pending suit." *Id.* But Service Insurance argues that *Webb v. Jorns* is inapposite because Warren, Gulf, and Hager entered into a written compromise settlement agreement before the date of the order of dismissal, hence the dismissal order effectively disposed of all parties and issues then pending before the trial court. Service Insuarnce argues alternatively, that if the dismissal order is interlocutory in character, the May 2 judgment is likewise interlocutory because that judgment does not incorporate the dismissal order by express reference thereto. In other words, Service Insurance contends that the dismissal order and the May 2 judgment are both interlocutory in character, and for that reason the appeal should be dismissed. Service Insurance cites, in support of its latter contention, *Thomas v. Shult*, 436 S.W.2d 194 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ), and *Mercantile Bank of Houston v. Rozema*, 508 S.W.2d 187 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). The Houston court in deciding *Rozema* relied on *Thomas*. The decision in *Thomas* is in obvious conflict with *Webb* which impliedly overruled *Thomas*. *Rozema* was expressly overruled by the Supreme Court by its action in unconditionally refusing the application for writ of error in *Runnymede Corp. v. Metroplex Plaza, Inc.*, 543 S.W.2d 4, 5 (Tex.Civ.App.—Dallas 1976, writ ref'd). Applying *Webb* and *Runnymede*, we conclude that based on the record before us, the May 2 judgment is the final judgment. We also conclude that the action of the trial court dismissing the third-party action against Service Insurance is reviewable in this unlimited appeal perfected from the May 2 judgment. Service Insurance's mo-

---

6. The agreement provided that if Hager "recover nothing against International Service Insurance Company, [Warren and Gulf] shall forthwith release and discharge [Hager] from any judgment that [Warren or Gulf] might have recovered against [Hager]."

7. Service Insurance filed a presubmission motion to dismiss the appeal for want of jurisdiction on basically the same grounds. We carried

this motion along to be considered with the merits of the appeal.

8. *See* Tex.R.Civ.P. 301. All references to rules in this opinion hereinafter made are to the Texas Rules of Civil Procedure in force at the time of the entry of the order of dismissal and the May 2, 1986, judgment.

tion to dismiss the appeal for want of jurisdiction is overruled. Yet, before we reach the merits of the appeal we must consider Service Insurance's contention, that since no statement of facts has been filed in this cause, we are required to either dismiss the appeal, or affirm the judgment. This contention would be well taken if the trial court had heard evidence and made findings therefrom in support of the dismissal order, or if the questions presented in the appeal required some reference to the "evidence" in the cause. There is no rule requiring a statement of facts in every appeal. Former rule 371 [9] provides, "The record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts." The Supreme Court has had occasion to allude to this rule, and has stated that a statement of facts need not be filed in an appeal involving "strictly questions of law." *Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex.1983). The order of dismissal, as already noted, obviously rests on the pleadings of the parties, the exhibits attached thereto, other written instruments filed in the cause, and docket entries made by the judge or clerk. It would be an absolute absurdity for us to hold that the absence of a statement of facts in this appeal requires us to indulge the presumption that nonexistent evidence supports the dismissal order. We decline to do so. Service Insurance argues that the judgment of May 2 is not appealable because it is a "satisfied judgment." Such contention is meritless; appellants do not seek reversal of the judgment between them based on the agreement, but only of the interlocutory judgment of dismissal.

■■■ We now turn to consider the merits of the appeal. Appellants' point of error, as we understand it, simply asserts that the trial court erred in dismissing Hager's third-party action against Service Insurance with prejudice based on the equitable doctrine of laches. Because, as a matter of law, at the time the dismissal order was signed, Hager's cause of action against Service Insurance had not matured.

We do not agree with appellants' argument. The record shows that the third-party action was in fact filed by Hager before the entry of the judgment between Warren, Gulf, and Hager. The purpose of the third-party action was to seek indemnification and/or contribution from Service Insurance. In *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 170–171 (1943), Judge Hickman quoted with approval the following quotation from Pomeroy on Equity, Vol. 5, Sec. 1442:

Laches, in legal significance, is not mere delay but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within the limits allowed by law; but when knowing his rights, he takes no steps to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as estoppel against the assertion of the right.

Appellants also argue that laches cannot bar an action if the applicable statute of limitation has not expired. This is not so. For a court to deny the defense of laches in extraordinary circumstances, even though the applicable statute of limitations has not run, would work or could work grave injustice. *See Culver*, 176 S.W.2d at 170. We are of the mind that while the applicable statutes of limitation might not have commenced running in this cause until entry of a judgment against Hager, the bar of laches could well apply to the facts and circumstances of this case; however, we have concluded that since the record does not conclusively establish Service Insurance's defense of laches, the trial court erred in dismissing Hager's third-party action with prejudice. *Webb*, 488 S.W.2d at 409. To that extent, we sustain appellants' point of error.

That part of the judgment awarding Warren and Gulf a judgment against Hager, and declaring the same satisfied, is af-

9. Repealed by the Supreme Court's order of April 10, 1986, promulgating new rules of appel-

late procedure effective September 1, 1986. *See* Tex.R.App.P. 50(a) (Vernon Supp.1987).

firmed, but the order dismissing Hager's third-party petition against Service Insurance with prejudice is reversed. The cause is remanded for trial on the merits of the third-party petition, subject to Service Insurance's right to plead, prove, and urge the affirmative defense of laches and stale demand. All costs in this court, and all costs in the trial court incurred in connection with the third-party action are assessed against Service Insurance. All other costs are assessed against appellants.

SUMMERS, C.J., not participating.