Sylvia McGREW, Relator,

v.

**The Honorable Wyatt HEARD, District Judge, 190th District Court, Harris County, Texas, Respondent.**

No. 01–88–01183–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 14, 1989.

---

8. Main reason.

W.J. Jackson, Brazoria, for relator.

Sherry B. Angelo, Houston, for respondent.

Before WARREN, HUGHES and DUNN, JJ.

OPINION

DUNN, Justice.

Relator, Sylvia McGrew, seeks a writ of mandamus compelling respondent to vacate his order reinstating the underlying case to the trial docket. Relator contends that, at the time respondent entered the order, his plenary power to order reinstatement of the case had expired.

On October 7, 1987, relator filed suit against Saud Hamon Barazie, and the real parties in interest, Reda Kilani and Monkez Kilani. The defendants appeared pro se. Relator served requests for admissions upon the defendants that allegedly embraced all material issues in the case. The defendants failed to respond to the requests, and they were deemed admitted by the operation of Tex.R.Civ.P. 169. On March 31, 1988, relator filed a motion for summary judgment, which the trial court granted against Reda and Monkez Kilani. Relator later filed an undated, handwritten motion to nonsuit the remaining defendant, Barazie, which respondent granted by a handwritten order on April 7, 1988. The motion to nonsuit contained no certificate of service.

On April 21, 1988, the Kilanis, having retained an attorney, filed a motion for new trial that the respondent granted orally and by docket entry. The respondent did not, however, sign a written order granting the motion for new trial. On August 29, 1988, relator attempted to execute on the judgment, which alerted the Kilani's attorney to the apparent finality of the judgment. In response, the real parties in interest filed an application for injunction, temporary restraining order, and for a bill of review.

After a hearing on October 10, 1988, the respondent concluded that the summary judgment was not final, signed an order reinstating the underlying suit to the docket, and signed another order dismissing the bill of review. In each order, the respondent recited the following:

The Court finds as a matter of law that the partial summary judgment signed on the 31st day of March, 1988, by the Honorable Wyatt Heard as to Monkez Kilani and Reda Kilani, was interlocutory and not a Final Judgment.

The Court further finds as a matter of law, that the Order of Nonsuit signed by the Honorable Wyatt Heard on the 7th day of April, 1988, was NOT a final judgment, nor did it have the effect of making the March 31, 1988 partial summary judgment a final judgment.

The Court further finds as a matter of law, that the Motion for New Trial granted and entered as a docket entry by the Honorable Court on the 25th day of April, 1988, set aside the Interlocutory Summary Judgment against Monkez Kilani and Reda Kilani.

The order of reinstatement also awarded relator's attorney $500 for preparing the motion for summary judgment and directed that this sum be paid from $1000 that was seized by the constable during the execution. The record reflects that relator's trial attorney received and accepted $500 in early November 1988.

Relator contends that the nonsuit of April 7, 1988 made the interlocutory summary judgment final. He further contends that because there was no written order granting the motion for new trial, it was overruled by operation of law 75 days from the date of the signing of the order nonsuiting Barazie, and the respondent lost all plenary power to vacate the judgment on July 22, 1988, more than 30 days after the motion for new trial was overruled. On October 10, 1988, the respondent signed the order reinstating the underlying suit on the trial docket after he allegedly lost jurisdiction to do so.

■ Mandamus is appropriate to correct a void order of the trial court. *Urbish v. 127th Judicial Dist. Court,* 708 S.W.2d 429, 431 (Tex.1986); *State v. Ferguson,* 133 Tex. 60, 63, 125 S.W.2d 272, 274 (1939). "An order is void when a court has no power or jurisdiction to render it." *Urbish,* 708 S.W.2d at 431. To determine whether the respondent had the power or jurisdic-

tion to enter the order of reinstatement, we must determine whether the interlocutory summary judgment became final and, if so, whether he had lost his plenary power before he entered the order of reinstatement.

■ A summary judgment that does not dispose of all the parties is interlocutory. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984); *Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959). An interlocutory summary judgment becomes final when the trial court enters an order that disposes of the remaining parties. *H.B. Zachry Co. v. Thibodeaux,* 364 S.W.2d 192 (Tex.1963).

We note, however, that the respondent found that the nonsuit did not make the interlocutory summary judgment final even though it purported to dispose of the only remaining defendant. An examination of relator's motion for nonsuit reveals no certificate of service, Tex.R.Civ.P. 21a ("[a] written statement by an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service"), and the real parties in interest deny that they had notice of the nonsuit; therefore, they were not aware that the interlocutory summary judgment had become final.

Rule 162 of the Texas Rules of Civil Procedure provides: "Notice of [a] ... nonsuit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order." The record before this Court does not show that the real parties in interest were served with notice of the nonsuit or had actual notice of it.

This Court addressed a similar situation in *Philbrook v. Berry,* 679 S.W.2d 651 (Tex.App.—Houston [1st Dist.] 1984), *overruled,* 683 S.W.2d 378 (Tex.1985). Philbrook filed suit against Owens–Illinois and other defendants under cause number 83–74655. Owens was served, but did not answer within the statutory time limit. On February 20, 1984, the trial court, after hearing evidence, granted a default judgment against Owens and, on Philbrook's

motion, severed the default judgment, which became cause number 83–74655–A. On February 29, 1984, Owens filed an answer. On the same day, the trial court mistakenly transferred some documents from cause number 83–74655 to an unrelated case. Owens was never served with notice of the motion for severance, as required by Tex.R.Civ.P. 72, and, on March 21, 1984, mistakenly filed its motion for new trial in 83–74655 attempting to set aside the default judgment in cause number 83–74655–A. The trial court considered the motion filed under cause number 83–74655–A, set aside the default judgment, and granted Owens a new trial in a written order signed April 13, 1984.

Philbrook then sought mandamus relief from this Court contending that the trial court lost its plenary power in 83–74655–A on March 22, 1984 because no motion for new trial was filed under that cause number. This Court denied mandamus relief citing Philbrook's failure to give Owens notice of the severance, as required by rule 72.

The supreme court held that the filing of the motion for new trial under 83–74655 did not extend the trial court's plenary power in cause number 83–74655–A beyond 30 days after he signed the default judgment, and the order granting the new trial was ineffective to set the judgment aside. *Philbrook*, 683 S.W.2d at 378.

■ The supreme court did not discuss the effect of Philbrook's failure to serve notice of the motion for severance upon Owens. We interpret this to mean that the failure to give notice of a motion that results in an order making an interlocutory judgment final does not preclude the finality of the judgment. Thus, the interlocutory summary judgment in this case became final on the date of the nonsuit, April 7, 1988, notwithstanding the absence of service of notice of the nonsuit on the real parties in interest, as required by rule 162. We further note that a party's failure to serve notice of a nonsuit in accordance with rule 21a does not render the nonsuit ineffective. *Orion Inv., Inc. v. Dunaway &*

*Assoc., Inc.*, 760 S.W.2d 371 (Tex.App.—Fort Worth 1988, n.w.h.).

The Kilanis further argue that there was no final judgment because all of the parties were not disposed of in one judgment. They contend that the disposition of two of the defendants in the summary judgment and the remaining defendant in the nonsuit does not constitute a final judgment. We disagree. An identical contention was addressed and overruled in *Warren Petroleum Co. v. International Serv. Ins. Co.*, 727 S.W.2d 801, 804 (Tex.App.—Tyler 1987, writ ref'd n.r.e.), and *Runnymede Corp. v. Metroplex Plaza, Inc.*, 543 S.W.2d 4 (Tex.App.—Dallas 1976, writ ref'd). Accordingly, we also overrule this contention.

■ We further hold that respondent's oral pronouncement and docket entry granting a new trial did not set aside the summary judgment. A court granting a new trial must do so by written order within 75 days after the date of the judgment. *Clark & Co. v. Giles*, 639 S.W.2d 449 (Tex. 1982); Tex.R.Civ.P. 329b(c). Thus, the motion for new trial was overruled by operation of law on June 22, 1988, rule 329b(c), and the respondent's plenary power expired July 22, 1988, more than 30 days after the overruling of the motion for new trial. Rule 329b(e). The order reinstating the case that was signed on October 10, 1988, after the respondent had lost jurisdiction, is therefore void.

■ The real parties in interest further contend that the relator is not entitled to mandamus relief because her attorney accepted a check for $500 in attorney's fees awarded in the order of reinstatement. The issuance of a writ of mandamus is a common law remedy that is controlled by equitable principles. *Callahan v. Giles*, 137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941); *Salgo v. Matthews*, 497 S.W.2d 620 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). To give effect to the order of reinstatement because relator's attorney accepted benefits thereunder would vest jurisdiction in the trial court where none exists. The lack of jurisdiction cannot be waived. *Jones v. Maples*, 184 S.W.2d 844,

847 (Tex.Civ.App.—Eastland 1944, writ ref'd). This contention is overruled.

We are confident that the respondent will vacate the order of reinstatement, and a writ of mandamus will issue only if he fails to do so.

WARREN, J., dissents.

WARREN, Justice, dissenting.

I respectfully dissent because it is inherently unfair for these litigants' appellate timetable to begin running before they had notice that the judgment had become final. As a practical matter, the real parties in interest would have to check with the court clerk periodically to make sure that no severance or nonsuit had been taken. In my opinion, Tex.R.Civ.P. 162 mandates notice, and the real parties' in interest time for perfecting their appeal did not begin to run until they received notice as provided by rule 21a, or by other acceptable means.