**CONDITIONALLY GRANT and Opinion Filed December 17, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00834-CV

## IN RE KINDER MORGAN PRODUCTION COMPANY, LLC, PECOS COUNTY APPRAISAL DISTRICT, AND THOMAS Y. PICKETT & CO., Relators

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-01622**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Fillmore
Opinion by Chief Justice Wright

Relators Kinder Morgan Production Company, LLC, Pecos County Appraisal District, and Thomas Y. Pickett & Company each filed petitions for writ of mandamus, which were consolidated into this cause number. After considering the petitions, real party in interest Iraan-Sheffield Independent School District's response, and Kinder Morgan's, the Appraisal District's and Pickett's replies to ISISD's response, we agree with Pickett that the trial court lacks subject matter jurisdiction over ISISD's common-law claim against Pickett. Thus, we conclude the trial court's discovery orders are void, conditionally grant Pickett's petition for writ of mandamus, and direct the trial court to set aside the void orders.

**Background**

ISISD, a taxing unit in Pecos County, sued Pickett, a commercial appraisal firm located in Dallas and hired by the Appraisal District to value property in Pecos County, for negligent valuation of certain property owned by Kinder Morgan. According to ISISD, Pickett failed to accurately identify and value Kinder Morgan's oil and gas property for purposes of assessment of ad valorem taxes and, as a result, ISISD lost tax revenue. ISISD sought over $1,000,000 in damages due to Pickett's alleged negligence.

ISISD sought discovery from Pickett, including production of emails, texts, and documents relating to the valuation of Kinder Morgan's crude oil mineral interests in Pecos County, and noticed depositions regarding the valuation of the mineral interests. Pickett and the Appraisal District filed objections and motions to quash and for protection, asserting the sought-after information was confidential under section 22.27 of the Texas Tax Code and contained Kinder Morgan's proprietary and privileged trade secrets.[1] Kinder Morgan also filed objections and joined the motions to quash and for protection. Following two hearings, the first a hearing on ISISD's motion to compel and objections of Pickett and Kinder Morgan, and the second on the Appraisal District's motion for protection, the trial court (1) ordered the Appraisal District to respond to the questions and produce any responsive documents within twenty-one days, and (2) overruled Pickett's objections and ordered Pickett to respond to the interrogatories, produce documents and produce a corporate representative for deposition within twenty-one days. Kinder Morgan's, the Appraisal District's, and Pickett's petitions for writ of mandamus followed.

**Discussion**

In its petition for writ of mandamus, Pickett alleges, among other things, that ISISD has asserted a common-law negligence action against Pickett seeking to recover lost tax revenue, and

---

[1] The tax code authorizes the chief appraiser, or his authorized representative, to request the property owner to provide a statement containing supporting information indicating how the property owner determined the market value of its property. Such statements and supporting information are confidential, subject to certain exceptions, and may not be disclosed. *See* TEX. TAX CODE ANN. §§ 22.07, 22.27.

that because there is no common-law right to sue for damages for an alleged loss in tax revenue, the trial court lacks subject matter jurisdiction over ISISD's lawsuit. In support of this argument, Pickett relies on *Jim Wells Co. v. El Paso Production Oil & Gas Co.*, 189 S.W.3d 861 (Tex. App—Houston [1st Dist.] 2006, pet. denied), and *In re ExxonMobil Corp.*, 153 S.W.3d 605 (Tex. App—Amarillo 2004, orig. proceeding).

Both *Jim Wells Co*. and *ExxonMobil* involved lawsuits brought by taxing units complaining about the valuation of oil and gas properties for ad valorem tax purposes. In *ExxonMobil*, Yoakum County and Denver City ISD sued numerous companies, including ExxonMobil, for fraud and conspiracy with respect to the valuation of their oil and gas properties. *ExxonMobil*, 153 S.W.3d at 608. Plains ISD intervened, making the same assertions. *Id*. The Amarillo Court of Appeals concluded the tax code procedures are the exclusive means through which taxing units may seek a remedy for damages caused by the alleged tortious conduct of the oil and gas companies and that, because the taxing units had not exhausted those remedies, the trial court lacked subject matter jurisdiction over the taxing units' complaints. *Id*. at 614. In reaching that conclusion, the court reasoned that the district court did not have jurisdiction over the taxing units' common-law claims for fraud because the damages sought by the taxing units necessarily involved substituting the district court's determination of the proper value of the property for that determined by the appraisal district and approved by the appraisal review board, and merely classifying the claim as one for fraud did not remove it from the constitutional and statutory provisions governing appraisal of property for ad valorem tax purposes. *Id*. at 613.

Similarly, in *Jim Wells Co*., several counties and school districts sued numerous oil companies for fraud and related causes of action arising out of an alleged scheme to undervalue oil and gas reserves for ad valorem tax purposes. *Jim Wells Co*, 189 S.W.3d at 866. The trial court granted the oil companies' plea to the jurisdiction, finding the taxing units had not exhausted

their administrative remedies before filing suit. *Id*. On appeal, the Houston First Court of Appeals concluded the taxing units' sole remedy was through the tax code. *Id*. at 870. In reaching that conclusion, the court rejected the taxing units' contention that they had a common law remedy for fraud over which the district court had jurisdiction. According to the court, without a common law right to tax, the taxing units had no common law right to sue for damages for an alleged loss in tax revenues. *Id*. at 870. And, as in *ExxonMobil*, the taxing units could not avoid the procedures and remedies in the tax code by characterizing a statutory tax case as a common law fraud case. *Id*. at 871.

Here, as in *Jim Wells Co.* and *ExxonMobil,* ISISD, a taxing unit, is attempting to use a common-law cause of action to recover damages for an alleged undervaluation of property for ad valorem tax purposes. ISISD's attempt to characterize the suit as a common-law cause of action against the appraiser does not allow ISISD to avoid the procedures and remedies in the tax code. Because there is no common-law remedy for such complaints, we conclude the trial court lacks subject matter jurisdiction over ISISD's negligence claim against the private appraisal firm. *See Jim Wells Co.,* 189 S.W.3d at 613; *ExxonMobil*, 153 S.W.3d at 871.

Generally, mandamus issues to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *In re Bass*, 113 S.W.3d 735, 738 (Tex. 2003) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Mandamus will also lie to correct a void order, i.e., an order the trial court had no power or jurisdiction to render. *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986) (orig. proceeding). If an order is void, the relator need not show he lacks an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

Because the trial court lacked subject matter jurisdiction over ISISD's suit against Pickett, the trial court's discovery orders are void and mandamus is appropriate. We conditionally grant Pickett's petition for writ of mandamus and direct the trial court to vacate its (1) June 9, 2018 order on non-parties' objections to amended deposition to Pecos County Appraisal District, and (2) July 9, 2018 Order on Discovery and for Confidentiality. The writ of mandamus will issue only if the trial court fails to do so. Having conditionally granted Pickett's petition for writ of mandamus and directed the trial court to vacate the complained-of orders, we need not address Kinder Morgan's or the Appraisal District's petitions for writ of mandamus.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

180834F.P05