**Frank Lavelle URBISH, Relator, Individually and as Next Friend of Michael Shane Urbish, a Minor, Appellants,**

v.

**Honorable W. Erwin JAMES, Judge, Respondent.**

No. B14–84–568–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 14, 1985.

Grant Kaiser, Nick C. Nichols, Kronzer, Abraham, Watkins, Nichols, Houston, for appellants.

John D. Wittenmyer, Conway, Storey & Wittenmyer, Wayne Adams, Lorance & Thompson, Kenneth S. Cannata, Conway & Wittenmyer, Houston, for respondent.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

PAUL PRESSLER, Justice.

This court issued its opinion in this matter on January 10, 1985. Relator filed a Motion for Rehearing En Banc. A panel of three judges who were not involved in the original opinion have voted to deny the Motion for Rehearing En Banc. Chief Justice J. Curtiss Brown recused himself. The opinion of January 10, 1985 is withdrawn and the following is substituted.

## OPINION

Relator requests a Writ of Mandamus directing Respondent to vacate his holding on Relator's Motion to Show Authority, the Motion for Re-hearing, and the Motion for Sanctions filed by his former wife and to hold that he has had the sole right to represent his son in all legal matters since the date of his appointment as permanent managing conservator. We deny the writ.

The following dates are important to our consideration:

March 24, 1975—Relator filed petition for divorce from Mary Urbish.

April 25, 1975—Temporary Orders were entered directing that Relator become temporary managing conservator of their children, Frank Lavelle Urbish, Jr. and Michael Shane Urbish.

July 22, 1975—Mary Urbish filed a Petition for Divorce together with an agreement that Relator should be managing conservator of their children. The two divorce petitions were subsequently consolidated.

December 15, 1976—The divorce case was dismissed for want of prosecution. Relator claims that after this dismissal he and Mary Urbish never lived together as man and wife and that he had custody and control over their children at all times.

July 9, 1979—Michael Urbish was severely burned in a fire.

July 12, 1979—An employment contract was executed between Robert E. Talton, Attorney at Law, and Mary Urbish, Individually, and as Next Friend of Michael Urbish.

July 20, 1979—Mary Urbish, acting as Next Friend of Michael Urbish, filed a suit for personal injuries to Michael Urbish. On the same day Mary Urbish filed a new petition for divorce. A temporary restraining order was issued that day in which Mary Urbish was appointed temporary managing conservator.

September 27, 1979—The order granting Mary Urbish temporary managing conservatorship was overturned. Relator's parents were named temporary managing conservators of Michael Urbish.

July 1, 1981—Relator and his parents filed a Petition in Intervention in the personal injury suit filed by Mary Urbish to recover for Relator's injuries and those of his minor son.

December 10, 1981—Divorce decree was entered and Relator was appointed permanent managing conservator of Michael Urbish.

December 17, 1981—Employment contract entered into between Relator and the law firm of Kronzer, Abraham, Watkins, Nichols, Ballard & Friend, whereby Relator acts as Next Friend to represent the minor plaintiff, Michael S. Urbish.

December 23, 1981—Relator filed a Motion to Show Authority under TEX.R. CIV.P. 12 directed toward Mary Urbish and her attorneys.

December 29, 1982—Motion to Show Authority was overruled by Judge Sharolyn Wood.

February 22, 1983—Relator's Motion for Rehearing was overruled by Respondent, to whom Relator's file was transferred when Judge Wood's term expired.

April 27, 1983—Relator's Motion for Leave to File a Petition for Writ of Mandamus was overruled by the Texas Supreme Court. In the petition, Relator requested the Court to direct Respondent to reverse his holding on Relator's Motion to Show Authority to represent Michael Urbish and to enter an order that Mary Urbish and the law firm she had retained had no authority to represent the minor plaintiff since the order of December 10, 1981.

June 8, 1983—Relator's Motion for Rehearing was overruled by the Texas Supreme Court.

January 16, 1984—Relator filed a Petition for Declaratory Judgment in Cause No. 84–01989 currently pending in the 11th District Court of Harris County based on questions raised in his Motion to Show Authority and in his request for Writ of Mandamus.

July 30, 1984—A Motion for Sanctions in which Mary Urbish Stanley requested Respondent to order Relator and his attorneys to desist from representing themselves as attorneys for Michael S. Urbish was sustained. The Court ordered that Mary Urbish Stanley and her attorneys alone represent Michael S. Urbish and that Relator and his attorneys desist in representing themselves as attorneys for Michael Urbish.

▮ In his original point of error, Relator argues that Respondent erred in holding that the managing conservator does not have the power and duty to represent his minor child and to make decisions of substantial legal significance concerning the child. Thus he contends that the orders overruling his Motion to Show Authority and granting Mary Urbish Stanley's Motion for Sanctions are void and an abuse of judicial discretion. The Supreme Court or a Court of Appeals is empowered to issue a writ of mandamus to compel a lower court to vacate a void order. *Aztec Life Insurance Company of Texas v. Dellana,* 667 S.W.2d 911, 914 (Tex.App.—Austin 1984, no writ); *See* TEX.REV.CIV.STAT.ANN. arts. 1733, 1824 (Vernon Supp.1984); An order is deemed void when issued through an abuse of discretion by a judicial officer. *Aztec Life Insurance Company of Texas* at 914; *Zenith Radio Corporation v. Clark,* 665 S.W.2d 804, 806 (Tex.App.—Austin 1983, no writ); Norvell & Sutton, *The Original Writ of Mandamus in the Supreme Court of Texas,* 1 St. Mary's L.J. 177, 181 (1969). It is also deemed void when issued by a court without jurisdiction or authority. *State v. Ferguson,* 133 Tex. 60, 125 S.W.2d 272, 274 (1939); *Aztec Life Insurance Company of Texas,* 667 S.W.2d at 914. Relator contends that the orders in question are void because they violate the express provisions of § 12.04 and § 14.02 of the Family Code. He further alleges that the orders are void because Respondent did not have jurisdiction to issue them. In other words, he argues, they are contrary to the continuing jurisdiction of the district court which ordered the dissolution of Relator's marriage between Relator and Mary Urbish, thereby violating § 11.05 of the Family Code. We disagree.

Relator repeatedly cites § 12.04 and § 14.02 for the proposition that because he was awarded permanent managing conservatorship of Michael Urbish according to the district court's determination of the

"best interests" of the child, he has the sole legal right to represent his son in any suit which is to be heard by the trial court subsequent to his appointment as managing conservator. This court understands the reasons why Relator desires to exert control in this particular case. However, these statutes do not uphold this position.

■ Relator filed a Motion to Show Authority to challenge the authority of Mary Urbish to maintain the personal injury suit. The purpose of a Motion to Show Authority is to permit dismissal of suits instituted without authority. TEX.R.CIV.P. 12; *See Mobile Homes of America v. Easy Living*, 527 S.W.2d 847, 848 (Tex.Civ.App.—Fort Worth 1975, no writ); *Angelina County v. McFarland*, 374 S.W.2d 417, 422 (Tex. 1964). Among the rights, privileges, duties and powers of a parent is the power to represent his child in legal actions and to make other decisions of substantial legal significance concerning the child. TEX. FAM.CODE ANN. § 12.04 (Vernon Supp. 1985). Mary Urbish had the authority to enter into an employment contract with her attorney for this representation and to institute the legal action as Next Friend of Michael Urbish on July 20, 1979 when the action was begun. She and Relator were not divorced on July 20, 1979, when she filed the personal injury suit. The previous consolidated petitions for divorce had been dismissed for want of prosecution. "[A] dismissal is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Crofts v. Court of Civil Appeals for the Eighth Supreme Judicial District*, 362 S.W.2d 101, 104 (Tex.1962); *Gonzalez v. Mann*, 583 S.W.2d 637, 640 (Tex.Civ.App.— Houston [14th Dist.] 1979), *rev'd on other grounds*, 595 S.W.2d 102 (1979); *See Molinar v. Plains Insurance Company*, 660 S.W.2d 845, 849 (Tex.App.—Amarillo 1983, no pet.). No other court-awarded conservatorship was in effect when Mary Urbish was named temporary managing conservator of the minor child on the day she filed the suit. Also, as a natural parent of Michael Urbish, Mary Urbish was empowered by § 12.04 to represent the child in legal actions. No other suit had been filed at that time concerning the personal injuries suffered by Michael Urbish. Thus, Mary Urbish had the legal right to file the suit and represent her son as "Next Friend." *See Murray v. Templeton*, 576 S.W.2d 138, 140 (Tex.Civ.App.—Texarkana 1978, no writ); *See* TEX.REV.CIV.STAT.ANN. art. 1994 (Vernon 1964); TEX.R.CIV.P. 44. The fact that Relator was subsequently appointed permanent managing conservator of Michael Urbish did not give him the power to force the dissolution of the contract entered into by Mary Urbish with her attorneys.

■ A parent appointed managing conservator of his child retains all the rights, privileges, duties and powers of a parent to the exclusion of the other parent, but subject to the rights, duties and powers of the possessory conservator. Included is "the power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child including, except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, a power as an agent of the child to act in relation to the child's estate ..." TEX. FAM.CODE ANN. § 14.02(a), (b)(6) (Vernon Supp.1985). Relator, as managing conservator, controls the estate of his son including any amount recovered in the personal injury case. To further protect the interests of Michael Urbish, a guardian ad litem has been appointed.

Relator has the statutory power to control any suit filed on behalf of his son subsequent to his appointment as managing conservator. Just as clearly, Mary Urbish had the legal right to file the suit in question at the time she filed it and to represent Michael Urbish as Next Friend. Relator has not cited any authority, and this court has not been able to find any, which supports Relator's position that because he is now managing conservator of his son, the trial court, under the authority

of TEX.R.CIV.P. 12, should dismiss the personal injury suit or remove Mary Urbish Stanley's attorneys, thereby terminating the valid employment contract between Mary Urbish Stanley and ·her attorneys. Respondent did not abuse his discretion in overruling the Motion to Show Authority or the Motion for Re-hearing or in sustaining the Motion for Sanctions. The orders are not void.

■ Relator argues additionally that the concept of continuing jurisdiction as set forth in § 11.05 of the Family Code indicates that only the district court which awarded him the managing conservatorship has jurisdiction to hear this cause. He contends that "the 308th (district court) is the court which first acquired jurisdiction of the parentchild relationship here at issue." Thus, he argues, the orders of which he complains were issued by a court without jurisdiction to issue them. Relator misconstrues the "parent-child relationship" in the context of the statute. When a court acquires jurisdiction of a suit affecting the parent-child relationship, it "retains continuing, exclusive jurisdiction of all parties and matters *provided for under this subtitle* (emphasis ours) in connection with the child. No other court of this state has jurisdiction of a *suit affecting the parent-child relationship* (emphasis ours) ..." TEX.FAM.CODE ANN. § 11.05(a) (Vernon Supp.1985). A "suit affecting the parent-child relationship" is one brought under Subtitle A of Title 2 of the Texas Family Code in which the appointment of a managing or possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is sought. TEX.FAM.CODE ANN. § 11.01(5) (Vernon 1975).

The orders Relator challenges are not the result of an attempt to affect the parent-child relationship as it is referred to in § 11.01(5) and § 11.05(a). They do not alter the appointment of the managing conservator, access to or support of the child, or termination of the parent-child relationship. The purpose of the orders is to insure that the attorneys legally employed by Mary Urbish Stanley may represent Michael Urbish in the personal injury suit. The orders may have some effect on the parent-child relationship, but they do not' affect the outcome of a "suit affecting the parent-child relationship" as defined in the Family Code.

A suit for damages for appellant's failure to make child support payments as provided in the property settlement agreement was found not to be within the "continuing jurisdiction" provisions of § 11.05 in *Adwan v. Adwan,* 538 S.W.2d 192, 193–195 (Tex.Civ.App.—Dallas 1976, no writ). In *Adwan,* the agreement provided that its terms should be binding as a contract. In deciding whether the domestic relations court which had acquired jurisdiction in a subsequent child custody suit also retained jurisdiction over matters relating to child support obligations, the appellate court examined the applicable provisions of Subtitle A of Title 2 of the Family Code to determine whether the support action was a "suit affecting the parent-child relationship." Interpreting the provisions of § 11.-01(5) of the Code, the court found that the suit was not one "brought under this subtitle" as required in that section. Thus the suit was properly brought as a contract cause of action and the trial court was not precluded from hearing it by the "continuing jurisdiction" provision of § 11.05(a).

This court has held that where a marriage settlement agreement provided that it was to be enforceable as a contract, a suit to enforce the agreement was not a "suit affecting the parent-child relationship" brought under Subtitle A in which support of a child was sought. The principle of continuing jurisdiction of § 11.05(a) did not apply. *Busbey v. Busbey,* 619 S.W.2d 472, 475 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *See Garza v. Schilling,* 576 S.W.2d 147, 150 (Tex.Civ.App.—Corpus Christi 1978, no writ).

■ The personal injury suit brought by Mary Urbish Stanley is not a "suit affecting the parent-child relationship" brought under Subtitle A of Title 2 of the Texas Family Code. The 308th District Court did

not acquire continuing jurisdiction of the personal injury suit to the exclusion of the district court in which the suit was filed when the 308th District Court awarded the managing conservatorship of Michael Urbish to Relator. The orders Relator challenges are not void.

Relator's point of error is overruled.

The Motion for Rehearing is denied.