**Affirmed and Majority and Concurring Opinions filed August 20, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00881-CV

### RONALD SCOTT CATT, Appellant

### V.

### BRIAN MIDDLETON IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF FORT BEND COUNTY, Appellee

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 22-DCV-290442**

### MAJORITY OPINION

Appellant Ronald Scott Catt ("Catt"), a Texas prison inmate, appeals pro se and *in forma pauperis* a summary judgment rendered that Catt take nothing from appellee Brian Middleton ("Middleton"), in his official capacity as district attorney of Fort Bend County, as well as the trial court's declaration that Catt is a vexatious litigant. In five issues we have rearranged, Catt argues the trial court erred (1) by failing to rule on Catt's objections to Middleton's summary-judgment evidence, (2-

3) in granting appellee's motion for summary judgment, (4) by finding that Catt had no realistic probability to succeed and declaring Catt to be a vexations litigant, and (5) in determining that the county attorney had authority to defend Middleton in the underlying lawsuit. We affirm.

## I. BACKGROUND

In 2012, Catt was arrested for aggravated robbery, and he had property seized pursuant to a search warrant as evidence of the crime, including two motorcycles and two automobiles. Catt has since filed multiple pro se lawsuits related to this seized property and subsequent civil forfeiture.

On January 19, 2022, Catt filed a petition for bill of review in the underlying trial cause number 22-DCV-290442, seeking to challenge the civil forfeiture of his property. Catt alleged that he filed his bill of review in the same court that rendered the forfeiture judgment. Catt requested that the trial court "vacate the judgment in cause number 16-DCV-229074, 'Catt v. DLozier'."

Middleton filed a motion for summary judgment, arguing he was entitled to summary judgment because the statute of limitations barred Catt's bill of review. Middleton alleged that no forfeiture occurred in cause number 16-DCV-229074, that Catt appealed the judgment in that trial cause, and that this court affirmed it. *See Catt v. DeLozier*, No. 14-16-00524-CV, 2017 WL 2384636, at *1 (Tex. App.—Houston [14th Dist.] June 1, 2017, pet. denied) (mem. op.) (affirming dismissal of Catt's claims because of the statute of limitations). Middleton attached exhibits to his summary-judgment motion, including a copy of a judgment of dismissal against Catt from March 28, 2016; an opinion from this court in a previous case filed by Catt from June 1, 2017; and a copy of another petition filed by Catt on January 8, 2016. Middleton also filed a motion to have Catt declared a vexatious litigant, alleging Catt had filed seven lawsuits on the same subject matter

as the present one.

Catt filed a response to Middleton's motion for summary judgment and asserted objections to Middleton's exhibits. Catt objected to exhibits "a-c," "A-E & 1-7" asserting there is no proof of their authenticity; exhibits a-c, a-e as irrelevant; exhibits 3-5 and 7 as irrelevant because mandamus proceedings do not meet the criteria of litigation in Texas Civil Practice and Remedies Code § 11.054 required to declare him a vexatious litigant; and objected to Middleton's request that the trial court take judicial notice of documents in the other cause before the same trial court.

Middleton then filed a second amended exhibit list for the motion to declare Catt a vexatious litigant. The trial court did not rule on Catt's objections, and Catt brought the trial court's failure to rule to the trial court's attention in his motion for new trial. On September 20, 2022, the trial court signed an order granting Middleton's motion for summary judgment and declaring Catt to be a vexatious litigant. This appeal followed.[1]

---

[1] Catt brought this appeal on a partial reporter's record, designating his points or issues as follows:

1) The Trial court failed to file findings of Fact and Conclusions of law that has harmed Petitioner.

2) There is a disputed material fact issue precluding summary judgment.

3) Defendants evidence raises a material fact issue on each element of its affirmative defense, precluding summary judgment.

4) The evidence is legally, or alternatively, factually insufficient to sustain Defense Counsel's statutory authority to defend the action.

5) The evidence is legally, or alternatively, factually insufficient to sustain a ruling that Petitioner is a vexatious litigant.

6) The Trial court erred by refusing to rule on Petitioner's objections to documentary evidence.

*See* Tex. R. App. P. 34.6(c)(1)

## II. DISCUSSION

In his first four issues, Catt argues the trial court erred in overruling his objections to Middleton's evidence and granting Middleton's motion for summary judgment and motion to declare Catt a vexatious litigant.

### A. STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We view the evidence in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks*, 206 S.W.3d at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Schultz on Behalf of Schultz v. Lone Star Rd. Constr., Ltd.*, 593 S.W.3d 750, 754–55 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

We review a trial court's evidentiary ruling for an abuse of discretion. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012); *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam).

A trial court abuses its discretion when it acts arbitrarily or without regard for guiding rules or principles. *Waldrip*, 380 S.W.3d at 132.

## B.   BILL OF REVIEW

A bill of review is an independent action to set aside an order or a judgment that is no longer subject to appeal or challenge through a motion for new trial. *WWLC Inv. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021) (per curiam); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *Wembley Inv. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999) (per curiam). Generally, a petitioner must plead and prove (1) that it has a meritorious defense to the cause of action alleged to support the judgment, (2) that it was prevented from presenting this defense by the fraud, accident or wrongful act of its opponent, and (3) that it was not negligent. *WWLC Inv.*, 624 S.W.3d at 799; *In re D.S.*, 602 S.W.3d 504, 510 n.10 (Tex. 2020); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751–52 (Tex. 2003). A bill of review must be filed within four years after the order or judgment is signed, unless the party proves extrinsic fraud. *PNS Stores v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012); *see Ross v. Nat'l Ctr. for the Emp. of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) (per curiam).

## C.   SUMMARY JUDGMENT

### 1.   Evidentiary Rulings

Here, Catt objected to exhibits "a-c, A-E & 1-7" because there is no proof of their authenticity; however, exhibits "a-c" were file-stamped by the Fort Bend District Clerk and filed in the underlying trial court. Catt did not advance any argument that they were false or fraudulent. Thus, we cannot conclude that the trial court abused its discretion when it overruled these objections.

Catt objected to exhibits "a-c" and "a-e" as irrelevant. Evidence is relevant if

it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Tex. R. Evid. 404. Exhibit A is the order dismissing Catt's previous litigation in *Catt v. Delozier*, exhibit B is this Court's opinion affirming that dismissal, and exhibit C is the petition in that lawsuit. Because these documents establish that Catt has previously litigated these same claims and has pursued them through appeal, we cannot conclude that the trial court abused its discretion when it overruled Catt's relevance objections. *See id.*

### 2. Summary-Judgment Ruling

A bill of review must be brought within four years of the judgment being challenged. S*ee PNS Stores*, 379 S.W.3d at 275; *Ross*, 197 S.W.3d at 798.

Catt filed his bill of review on January 19, 2022, seeking to challenge the judgment in trial cause number 22-DCV-290442 and the civil forfeiture of his property. The judgment in cause number 16-DCV-290442 was reviewed on appeal by this court, with an opinion from June 1, 2017, explaining why the trial court's judgment was affirmed. *See Catt*, 2017 WL 2384636 at *5 (affirming the trial court's dismissal of Catt's due-process claim based on the civil forfeiture of his property as frivolous because it was barred by the statute of limitations).

Catt argues that the trial court erred in rendering summary judgment that Catt take nothing based on the statute of limitations because Catt is seeking to set aside the judgment from this Court issued on August 23, 2018. However, a bill of review is not a proper attack on an appellate court's judgment. *See Cherry v. Altman*, 872 S.W.2d 46, 47 (Tex. App.—Fort Worth 1994, writ denied).

Here, Catt seeks to challenge the judgment in trial cause number 22-DCV-290442 and the forfeiture of his property, both of which were addressed in this

Court's opinion and accompanying judgment issued on June 1, 2017. This Court's judgment affirmed the trial court's judgment, which was signed on March 28, 2016, that Catt seeks to challenge. *See In re D.S.*, 602 S.W.3d 504, 510 n.10 (Tex. 2020) ("A bill of review is a direct attack on a judgment that is no longer appealable or subject to a motion for new trial."). In order to be timely, Catt had to file his bill of review no later than March 27, 2020, but filed it on January 19, 2022; thus, it is barred by the applicable statute of limitations.

Because a bill of review must be brought within four years of the judgment being challenged, *see PNS Stores*, 379 S.W.3d at 275; *Ross*, 197 S.W.3d at 798, we conclude that Middleton established as a matter of law that limitations barred Catt's claims. *See* Tex. R. Civ. P. 166a(c). Therefore, we conclude that the trial court did not err when it granted Middleton's motion for summary judgment.

## D.    VEXATIOUS-LITIGANT FINDING

### 1.    Applicable Law & Standard of Review

Chapter 11 of the Texas Civil Practice and Remedies Code addresses vexatious litigants—persons who abuse the legal system by filing numerous, frivolous lawsuits. Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001–.002, 11.051–.057; *In re Douglas*, 333 S.W.3d 273, 282–83 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). A court may declare a plaintiff a vexatious litigant if there is not a reasonable probability that the plaintiff will prevail in the litigation and if, as applicable here, the plaintiff has maintained at least five litigations other than in a small claims court as a pro se litigant in the preceding seven years that have been finally determined adversely to the plaintiff. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051(1)(A).

We review a trial court's declaration of a vexatious litigant under an abuse-

of-discretion standard. *Douglas v. Am. Title Co.,* 196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.054–.056. The test for an abuse of discretion is whether the court acted arbitrarily or unreasonably and without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

## 2.     Analysis

Here, Catt objected to four of Middleton's exhibits as irrelevant "because mandamus proceedings do not meet the criteria of litigation in [Texas Civil Practice and Remedies Code] § 11.054 required to declare him a vexatious litigant . . . ."

Chapter 11 defines "litigation" as "a civil action commenced, maintained, or pending in any state or federal court." Tex. Civ. Prac. & Rem. Code § 11.001(2). "[T]he question is whether the proceeding 'commences' a new civil action or 'maintains' the original one." *Serafine v. Crump*, No. 23-0272, 2024 WL 3075697, at \*2, __ S.W.3d __, ___ (Tex. June 21, 2024) (per curiam). "[A]n appeal is simply the continuation of the action in suit brought in the trial court." *Id.* However, the Supreme Court of Texas has left open the question of whether a mandamus proceeding counts as a separate "litigation" for the purposes of determining whether someone is a vexatious litigant under Chapter 11. *See id.* at \*2 ("We need not address how to count mandamus petitions to decide this case."); *see also Restrepo v. All Riggers & Constructors, Ltd.*, 538 S.W.3d 724, 751 (Tex. App.—El Paso 2017, no pet.) (counting six "litigations" where plaintiff filed "three interlocutory appeals" and "three original proceedings" from the same civil action); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700 (Tex. App.—El Paso 2011, no pet.) (looking to the subject matter of the petition for writ

of mandamus to determine whether the proceeding is counted separately), *abrogated in part on other grounds by Serafine*, 2024 WL 3075697 at \*3, __ S.W.3d at __.

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals and states that the courts of appeals "shall have such other jurisdiction, *original* and appellate, as may be prescribed by law." Tex. Const. art. V, § 6(a) (emphasis added). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* Tex. Gov't Code Ann. § 22.221. In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *See id.* § 22.221(a). Texas Rule of Appellate Procedure 52 states: "An original appellate proceeding . . . such as a writ of . . . mandamus . . . is commenced by filing a petition with the clerk of the appropriate appellate court." Tex. R. App. P. 52.

Here, Middleton relied on and submitted evidence of the following previous litigations filed by Catt in support of his motion to declare Catt a vexatious litigant:

1. *In re Ronald Scott Catt*, 133rd District Court of Harris County trial cause number 2015-51573, which was dismissed for want of prosecution May 26, 2017.

2. *Ronald Scott Catt vs. Christopher Delozier and Clifford J. Vacek*, 268th District Court of Fort Bend County trial cause number 16-DCV-229074. *See Catt*, 2017 WL 2384636 at \*5 (affirming trial court's dismissal due process claim as frivolous because it was barred by the statute of limitations).

3. *In re Catt*, No. 14-16-00572-CV, 2016 WL 4146826, at \*1 (Tex. App.—Houston [14th Dist.] Aug. 4, 2016, orig. proceeding) (mem. op.) (per curiam) (denying petition for writ of mandamus that sought to reverse the trial court's final judgment and have judgment rendered in Catt's favor because Catt had an adequate remedy by appeal).

4. *In re Ronald Scott Catt*, No. 14-18-00701-CV, denying Catt's petition

9

for writ of mandamus without opinion on August 23, 2018.

5. *In re Ronald Scott Catt v. Maggie Perez-Jaramillo*, 400th District Court trial cause number 18-DCV-253990, as well as a petition for writ of mandamus, and it dismissed for want of prosecution on December 21, 2020. *See In re Catt*, No. 14-18-00701-CV.

6. *In re Ronald Scott Catt v. Christopher Delozier, John Healey Jr., Troy Nehls, and Bradley Wichard*, Fort Bend County Court at Law Number Four trial cause number 19-CCV-064867, dismissed as being frivolous and malicious on December June 21, 2019. *See Catt v. DeLozier*, No. 14-19-00631-CV, 2021 WL 5459074, at *3–5 (Tex. App.—Houston [14th Dist.] Nov. 23, 2021, no pet.) (mem. op.) (affirming trial court's dismissal of conversion and § 1983 claims as frivolous because they were barred by the statute of limitations).

7. *In re Catt*, No. 14-21-00438-CV, 2021 WL 5459248, at *1 n.1 (Tex. App.—Houston [14th Dist.] Nov. 23, 2021, orig. proceeding) (mem. op.) (per curiam) (denying petition for writ of mandamus seeking to compel the trial court to return the forfeited property to Catt because Catt did not establish that he was entitled to mandamus relief).

Catt only challenges the mandamus proceedings relied on by Middleton. Thus, there is evidence of four prior litigations that have been adversely determined against Catt (numbers 1-2 and 5-6 listed above). Furthermore, one of the mandamus proceedings—*In re Catt*, No. 14-21-00438-CV—is clearly a separate "litigation" by Catt on a previously adjudicated matter. *See id.* (Spain, J., concurring) ("Although the original-proceeding record in this mandamus does not contain the final judgment in the underlying civil-forfeiture proceeding, [Catt's] current petition asserts the same legal challenge that was addressed in his 2017 appeal."). We conclude that this original proceeding was a "litigation" that Catt commenced, prosecuted, or maintained in the last five years and was finally determined adversely to him; therefore, the trial court did not err when it overruled his objection.[2] *See* Tex. R. App. P. 52.1; Tex. Civ. Prac. & Rem. Code Ann.

---

[2] In his concurrence in the denial of that petition for writ of mandamus, Justice Spain noted:

§ 11.054(1); *cf. Serafine*, 2024 WL 3075697 at *3, __ S.W.3d at __ ("Because an appeal and a petition for review continue the action brought in the trial court, they do not count as separate 'civil actions' and thus separate 'litigations' under Section 11.054."). Furthermore, because there is evidence of five separate litigations within the last seven years that have been finally determined adversely to Catt, we need not address Catt's objection concerning the other two original proceedings relied on by Middleton. *See* Tex. R. App. P. 47.1.

We conclude that the trial court did not err in finding Catt a vexatious litigant. *See Serafine v. Crump*, 665 S.W.3d 93, 117 (Tex. App.—Austin 2023) ("It is enough to say . . . that an original proceeding is a separate civil action."), *rev'd on other grounds* 2024 WL 3075697 at *3, __ S.W.3d at __ ; *Restrepo*, 538 S.W.3d at 751 ("Appellants . . . fail to consider that . . . original proceedings filed by a litigant are included in the number of proceedings to be counted against a litigant."*), abrogated in part on other grounds by Serafine*, 2024 WL 3075697 at *3, __ S.W.3d at __; *Retzlaff*, 356 S.W.3d at 700 ("Although the mandamus proceeding arose from the same underlying case as the appeal in [another case], it was a separate, original proceeding that did not challenge the trial court's final decision or relate to the merits of the underlying case.").

---

"In 2018, [Catt] also filed a petition for writ of mandamus with this court seeking to compel the trial court to rule on his 'Motion to Release Property,' which relator filed in the trial court in 2014 and asserted was still pending in 2018. This court denied the petition explaining that [Catt's] underlying motion, as well as his writ of mandamus, were moot because the property had already been forfeited to the State. *In re Catt*, No. 14-18-00701-CR, 2018 WL 4017003, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2018) (orig. proceeding). In that 2018 petition, [Catt] did not raise his claim that the trial court lacked subject-matter jurisdiction in that proceeding. *See id.*"

*In re Catt*, No. 14-21-00438-CV, 2021 WL 5459248, at *1 n.1 (Tex. App.—Houston [14th Dist.] Nov. 23, 2021, orig. proceeding) (mem. op.) (Spain, J. concurring).

**E.     MOTION TO SHOW AUTHORITY**

In his final issue, Catt argues that the trial court erred in determining that the county attorneys representing Middleton at the trial court had authority to represent him in the lawsuit. Catt argues the trial court "made no ruling or express findings on [Catt's] Motion for Defense Attorney to Show Authority . . . ."

### 1.  Applicable Law & Standard of Review

Under Texas Rule of Civil Procedure 12, a party may cause the opposing party's counsel to appear before the court and show their authority to act. Tex. R. Civ. P. 12. We review a trial court's ruling on a Rule 12 motion to show authority for an abuse of discretion. *Bosch v. Harris County*, No. 14-13-01125-CV, 2015 WL 971317, at *3 (Tex. App.—Houston [14th Dist.] Feb. 26, 2015, no pet.) (mem. op.).

Rule 12, titled "Attorney to Show Authority," provides, in pertinent part:

> A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act.... At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears.

Tex. R. Civ. P. 12. The purpose of a Rule 12 motion is to protect parties from groundless suits and to permit dismissal of suits instituted without authority. *See In re Users Sys. Servs.*, 22 S.W.3d 331, 335 (Tex. 1999) ("[T]he procedure prescribed by Rule 12 for requiring an attorney to show his authority to act for a party presupposes the possibility that an attorney can be counsel of record for a party he is not authorized to represent."); *Angelina County v. McFarland*, 374 S.W.2d 417,

422–23 (Tex. 1964); *Nicholas v. Envtl. Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 895 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Urbish v. James*, 688 S.W.2d 230, 233 (Tex. App.—Houston [14th Dist.] 1985, no writ). Typically, a challenged attorney satisfies his burden if he produces an affidavit or testimony from his client indicating the attorney was retained to provide representation in the case. *See, e.g*, *Boudreau v. Fed. Tr. Bank*, 115 S.W.3d 740, 741–42 (Tex. App.—Dallas 2003, pet. denied); *Spigener v. Wallis*, 80 S.W.3d 174, 184 (Tex. App.—Waco 2002, no pet.).

## 2. Analysis

Here, Catt filed a motion challenging the authority of the assistant county attorney, Kevin Hedges ("Hedges"), to represent District Attorney Middleton in the underlying lawsuit. In response, Middleton filed documentation showing that Hedges and County Attorney Bridgette Smith-Lawson had authority to represent him in the civil proceeding. This established that Hedges and Smith-Lawson had authority to represent Middleton in the underlying proceeding. *See Boudreau*, 115 S.W.3d at 741.

Catt argues the trial court erred because Texas Government Code § 45.179(e) states:

> The county attorney has no power, duty, or privilege in Fort Bend County relating to criminal matters or matters directly relating to criminal matters, including any asset forfeiture relating to a criminal activity, and bond forfeiture proceedings through judgment other than collection of a final judgment on a bond forfeiture.

Tex. Gov't Code Ann. § 45.179(e). Contrary to Catt's argument, the bill of review and the underlying proceedings are civil matters. *See* Tex. R. Civ. P. 329b; *WWLC Invest., L.P.*, 624 S.W.3d at 799. Furthermore,

> [i]t is the primary duty of the county attorney in Fort Bend County to

13

represent the state, Fort Bend County, and the officials of the county in all civil matters pending before the courts of Fort Bend County and any other courts in which the state, Fort Bend County, or the county officials have matters pending.

Tex. Gov't Code Ann. § 45.179(a).

We conclude that the trial court did not abuse its discretion when it overruled Catt's motion to show authority. *See Downer,* 701 S.W.2d at 241–42. We overrule Catt's five issues.

### III.    CONCLUSION

Having overruled all of Catt's issues on appeal, we affirm the trial court's judgment.

/s/  Justice Margaret "Meg" Poissant

Panel consists of Justices Spain, Poissant, and Wilson. (Spain, J., concurring).